THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HDT Bio Corp.,<br><br>                    Plaintiff,<br><br>     v.<br><br>Emcure Pharmaceuticals, Ltd.,<br><br>                    Defendant. | No. 2:22-cv-00334-JLR<br><br>**DEFENDANT EMCURE PHARMACEUTICALS, LTD.'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING THE OUTCOME OF ITS MOTION TO DISMISS PURSUANT TO RULES 12(b)(2) AND (6), OR, ALTERNATIVELY, TO DISMISS UNDER THE DOCTRINE OF FORUM *NON CONVENIENS*; OR, ALTERNATIVELY, TO STAY**<br><br>**NOTE ON MOTION CALENDAR: June 3, 2022**<br><br>**JURY TRIAL DEMANDED**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
No. 2:22-cv-00334-JLR

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# I. INTRODUCTION

HDT's opposition to Emcure's Motion to Stay Discovery is filled with hyperbolic accusations that has very little to do with whether this Court should stay discovery pending adjudication of Emcure's Motion to Dismiss. Lacking any honest basis to assert jurisdiction over Emcure in this Court, HDT has resigned itself to cherry-picking snippets of Emcure's website—which unequivocally provide Dr. Sanjay Singh's role is the Chief Executive Officer of *Gennova*, lifting quotes from a parent company mentioning the efforts of its subsidiary, mischaracterizing articles and submitting self-serving declarations with multiple layers of hearsay of what Gennova employees supposedly told HDT employees. None of this changes the fact that exercise of personal jurisdiction over Emcure would be inappropriate. But for now, staying discovery pending adjudication of Emcure's Motion to Dismiss is prudent, conserves party and judicial resources and is consistent with precedent when there is a challenge to whether the Court can exercise personal jurisdiction over Emcure. *See Blackstone Int'l, Ltd. v. E2 Ltd.*, 2022 WL 522950, at *1 (W.D. Wash. 2022) (interests of judicial economy warrant stay of discovery pending motions to dismiss based on lack of personal jurisdiction).

## II. DR. SINGH DID NOT REPRESENT EMCURE AT ANY POINT DURING THE ALLEGATIONS CONTAINED IN HDT'S COMPLAINT

HDT's response to Emcure's Motion to Stay Discovery makes one thing clear: HDT's entire basis for asserting that this Court has personal jurisdiction over Emcure is based on the actions of Dr. Sanjay Singh. Emcure did not ignore his contacts with Washington in its Motion; they are simply irrelevant. Dr. Singh is not an "independent director" or a representative of Emcure. HDT's response, and in particular the declaration of attorney Dana Berkowitz, goes to great lengths to establish that Dr. Singh was somehow acting in a representative capacity for Emcure. This is not true for several reasons.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY
DISCOVERY – Page 1
No. 2:22-cv-00334-JLR

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

First, as Mr. Mathur's declaration made clear, Dr. Singh "did not travel to Washington—or anywhere else—on Emcure's behalf or direction." (ECF 24 at ¶ 16.) **HDT never rebuts this assertion.** Instead, it parses the other assertions in Mr. Mathur's declaration and attaches a printout from Emcure's website to reach its contrived conclusion that Dr. Singh was an independent director for Emcure. Not so. Paragraphs fourteen, fifteen, and sixteen of Mr. Marthur's declaration provide that Dr. Singh was not an independent director of Emcure's board *at the time of the events alleged* in the Complaint nor was he acting in any representative capacity for Emcure during this time. However, for the sake of clarity, Emcure will provide a supplemental declaration as soon as possible to this reply which establishes the same—that Dr. Singh has never been appointed to Emcure's board of directors, and he is not an "independent director" for of Emcure—nor was he ever. (*See* Second Mathur Decl. at ¶¶ 5-10.) Rather, he is a Whole-time director for Gennova. (*Id.* at ¶ 5.)

Second, the printout from Emcure's webpage which counsel attaches to her declaration is clear on Dr. Singh's role:



DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY
DISCOVERY – Page 2
No. 2:22-cv-00334-JLR

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Unequivocally, the webpage provides that Dr. Singh is the Chief Executive Officer of Gennova. As displayed in Exhibit A to the Berkowitz Decl., Dr. Singh is listed in "Senior Management" along with other top executives of Emcure's India-based subsidiaries. That Emcure recognizes the leadership of its subsidiaries does not somehow make Dr. Singh an employee, director, or officer of Emcure—or "independent director." The fact that Dr. Singh is not an independent director of Emcure is made clear from Exhibit A to the Berkowitz Decl., which sets forth all of Emcure's directors. Dr. Singh is not identified. Indeed, it is not until you actually view Dr. Singh's profile that you come across the phrase "independent director of our company." Dr. Singh is a director for one of Emcure's various subsidiaries, Gennova, not Emcure itself. In short, the phrase "independent director of our company" is simply a reference to Emcure's collective subsidiaries, not Emcure itself.[1]

HDT's declarations do nothing to dispute Mr. Marthur's assertion that Dr. Singh "did not travel to Washington—or anywhere else—on Emcure's behalf or direction." (ECF 24 at ¶ 16.) For instance, in Dr. Steven Reed's declaration, he claims "Dr. Sanjay Singh repeatedly told me that his hands were tied by Emcure regarding important decisions relating to the License Agreement." This is merely a reiteration of the allegations in the complaint. Moreover, if this was sufficient to rebut Emcure's declaration, there would be no point in allowing litigants to submit declarations. Thus, HDT must do more than simply reassert its allegations in the complaint and its failure to do so is fatal. The other assertions by Dr. Steven Reed—that Dr. Singh told him "we would find a way [to] pay HDT the royalties that Gennova owed under the License Agreement . . ." or that "we would resign if Emcure would not allow him to cause Gennova to issue payment of royalties to HDT"—only supports Emcure's position: that Dr. Singh was not acting on Emcure's behalf but rather, if true as HDT alleges, Dr. Singh was

---

[1] As indicated *infra*, this is consistent with how Emcure refers to itself in public filings.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY
DISCOVERY – Page 3
No. 2:22-cv-00334-JLR

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

acting against Emcure's alleged interests. *See Salyers v. Metropolitan Life Ins. Co.*, 871 F.3d 934, 939 (9th Cir. 2017) (explaining agency is "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and *the agent manifests assent or otherwise consents so to act*.") (emphasis added).

Likewise, Dr. Amit Khandar's declaration should be disregarded by this Court because it is based on inadmissible hearsay without a modicum of reliability. *Agne v. Papa John's Int'l, Inc.*, 2012 WL 12882904, at *3 (W.D. Wash. 2012) (plaintiff's declaration did not contribute to a *prima facie* showing of personal jurisdiction because it was based on inadmissible hearsay).

Moreover, HDT's argument craters on itself. HDT knows that Dr. Singh represented Gennova—indeed, it is those communications and trips to Seattle, Washington that led to the HDT/Gennova License Agreement, now the subject of a separate arbitration in London. HDT knows that Emcure is not a party to the license agreement. So, its only basis for jurisdiction is to now transform Dr. Singh from Gennova's CEO to an Emcure agent. HDT cannot have it both ways. Based on the declarations of Vishal Mathur, Dr. Singh does not represent, and has never represented, Emcure. Discovery should be stayed pending adjudication of Emcure's motion to dismiss. *See Blackstone*, 2022 WL 522950, at *1 (interests of judicial economy warrant stay of discovery pending motions to dismiss based on lack of personal jurisdiction).

### III. EMCURE DOES NOT ENGAGE (AND HAS NEVER ENGAGED) IN VACCINE DEVELOPMENT, VACCINE MANUFACTURING, OR VACCINE SALES

Emcure's praise and discussion of the ongoing work of its subsidiary, Gennova, does not pierce the corporate veil as HDT would suggest. HDT's response brief and the declaration of Attorney Berkowitz attempt to suggest otherwise by offering partial, out-of-context quotes which discuss Gennova's work on the mRNA COVID-19 vaccine.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY
DISCOVERY – Page 4
No. 2:22-cv-00334-JLR

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    First, HDT cites to statements Emcure made in its filing for an initial public offering and contends this is evidence that Emcure engages in vaccine development. What HDT fails to mention is that nearly all of these statements start with the word "we" or "our" which are explicitly defined in the public filing to include Emcure *and its subsidiaries*. (*See* Exhibit A, Excerpt of Emcure's Draft Red Herring Prospectus.) Thus, the statements HDT clings to are nothing more than Emcure identifying its subsidiaries' accomplishments. *See Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 984 (N.D. Cal. 2016) (recognizing that separate corporate entities may present themselves as a single entity for marketing or trade purposes).

Second, Ms. Berkowitz attaches an article from *Money Control* to establish that Emcure is somehow lying about its role in the vaccine. Counsel should know better: the title of this article dispels HDT's argument. The title reads "Emcure says **_Gennova is working_** on backward integration of its mRNA COVID-19 vaccine." (emphasis added) (Berkowitz Decl. at ¶ 7, Ex. C.) Again, HDT's erroneous suggestion that the editorializing in this article that blurs the lines between Emcure and Gennova somehow pierces the corporate veil is at odds with legal precedent which requires the parent exercising substantial control over the subsidiary. *See Corcoran*, 169 F. Supp. 3d at 984 (separate corporate entities may present themselves as a single entity for marketing or trade purpose without imputing acts of one to another for jurisdictional purposes). Cherry-picking websites and mischaracterizing documents will not do.

HDT also relies on Exhibit E to the Berkowitz Declaration, which again is a news article entitled, "*Gennova* seeks to start trials of indigenous mRNA vaccine." Again, this article explicitly states that Gennova (<u>not</u> Emcure) is the company conducting trials for the vaccine, yet HDT attempts to use the inclusion of quotes from an Emcure executive discussing the work of its subsidiary—and HDT's own tortured interpretations of those quotes—to pierce the corporate veil. This cannot square with basic case law set forth in Emcure's Motion to Dismiss.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY
DISCOVERY – Page 5
No. 2:22-cv-00334-JLR

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    Finally, HDT's supposed smoking gun is the use of an email address at an Emcure domain as the main contact listed on the initial clinical trial application. (Berkowitz Decl. ¶ 8.) At the time, Emcure and each of its India-based subsidiaries used a single email address, maheshwari.mishra@emcure.co, for form filings with the Central Drugs Standard Control Organization. (Second Mathur Decl. at ¶¶11-12.) This does not demonstrate substantial control.

Moreover, even accepting the double and triple hearsay declarations of Amit Khandhar and Steven Reed, and all of HDT's cherry-picked quotes at face value, none of them establish Gennova as Emcure's alter ego. This Court must find not that Emcure has oversight of Gennova, but that it exercises "substantial control" over Gennova's day-to-day activities. *See In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, No. 20-CV-03131-JSC, 2021 WL 4461199, at *4 (N.D. Cal. Sept. 29, 2021) (explaining that while the evidence shows there was regular oversight, it does not reflect control over the subsidiary's day-to-day operations); *see also Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980) (finding no alter ego or agency where parent placed its own directors on subsidiary's board, guaranteed loans for subsidiary, reviewed and approved subsidiary's major decisions, and had involvement in subsidiary's pricing). HDT's opposition is clear—aside from personal attacks and accusations, mischaracterized articles, and cherry-picked snippets from websites—HDT has no support that Emcure has substantial control over Emcure.[2]

### IV.   CONCLUSION

For the reasons stated herein, as well as those in Emcure's Motion to Stay, this Court should grant the Motion to Stay pending adjudication of Emcure's Motion to Dismiss.

---

[2] HDT makes several attacks concerning HDT's flouting the Court's Order and federal rules with respect to its discovery obligations. To be clear, Emcure is in no way disrespecting or ignoring the Court's Order or its discovery obligations. Emcure has been upfront and direct with HDT. It asked HDT's counsel to stay discovery, both with respect to adjudication of the Motion to Dismiss as well as the Motion to Stay. HDT refused.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY – Page 6
No. 2:22-cv-00334-JLR

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1     DATED: June 3, 2022

2                          CORR CRONIN LLP

4                          */s/ Steven W. Fogg*
Steven W. Fogg, WSBA No. 23528
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600 Phone
(206) 625-0900 Fax
sfogg@corrcronin.com

Michael A. Iannucci *(Admitted Pro Hac Vice)*
M. David Tambussi *(Admitted Pro Hac Vice)*
Christopher Cody Wilcoxson *(Admitted Pro Hac Vice)*
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5500 Phone
(215) 569-5555 Fax
michael.iannucci@blankrome.com
david.tambussi@blankrome.com
cody.wilcoxson@blankrome.com
*Attorneys for Defendant*
*Emcure Pharmaceuticals Ltd.*

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY
DISCOVERY – Page 7
No. 2:22-cv-00334-JLR

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Mathew L. Harrington, WSBA No. 33276
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA  98101
matthew.harrington@stokeslaw.com
*Attorneys for Plaintiff*

Peter K. Stris (*admitted Pro Hac Vice*)
Dana Berkowitz (*admitted Pro Hac Vice*)
Kenneth J. Halpern (*admitted Pro Hac Vice*)
John Stokes (*admitted Pro Hac Vice*)
STRIS & MAHER LLP
777 S. Figueroa St., Suite 3850
Los Angeles, CA 90017
pstris@stris.com
dberkowitz@stris.com
khalpern@stris.com
jstokes@stris.com
*Attorneys for Plaintiff*

DATED:   June 3, 2022.

*/s/ Steven W. Fogg*
Steven W. Fogg, WSBA No. 23528
1001 Fourth Avenue, Suite 3900
Seattle, Washington  98154
(206) 625-8600 Phone
(206) 625-0900 Fax
sfogg@corrcronin.com
*Attorneys for Defendant*
*Emcure Pharmaceuticals Ltd.*

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY – Page 8
No. 2:22-cv-00334-JLR

**Corr Cronin llp**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900