UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HDT BIO CORP., <br><br> Plaintiff, <br><br> v. <br><br> EMCURE PHARMACEUTICALS, LTD., <br><br> Defendant. | CASE NO. C22-0334JLR <br><br> ORDER |

The court is in receipt of the following four discovery-related questions submitted by the parties: (1) whether discovery at this stage is limited to jurisdictional discovery in light of the court's ruling on Defendant Emcure Pharmaceuticals, Ltd.'s ("Emcure") motion to dismiss (*see* 7/29/22 Order (Dkt. # 51)); (2) whether Emcure may refuse to search for and produce responsive documents until Plaintiff HDT Bio Corp. ("HDT") further delineates its trade secrets; (3) whether Emcure must search for and produce documents in the possession of its subsidiary, Gennova Biopharmaceuticals Ltd.

ORDER - 1

("Gennova"); and (4) whether the parties may use the documents produced in discovery in this case in the arbitration between HDT and Gennova in the London Court of International Arbitration ("LCIA").  The court answers each question below.

As to the parties' first question, discovery at this stage is limited to jurisdictional discovery.  The parties may resume case-related discovery after jurisdictional discovery is complete and the court has ruled on Emcure's renewed motion to dismiss.  In line with that answer, and because discovery at this stage is limited to jurisdictional discovery, rather than case-related discovery, Emcure may not refuse to search for and produce responsive documents until HDT further delineates its trade secrets.

Turning to the parties' third question, Emcure must search for and produce documents in the possession of its subsidiary, Gennova.  Emcure owns 87.95% of Gennova (*see* 5/31/22 Berkowitz Decl. (Dkt. # 30) ¶ 6) and the conduct of Gennova is relevant, at least in part, to this case (*see generally* Compl.; 7/29/22 Order).  *See Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) ("A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.").  If Emcure believes that it lacks the legal right to obtain documents from Gennova in response to a discovery request served by HDT, it may raise that specific issue with the court.  *See* Fed. R. Civ. P. 26(c).  Finally, with respect to the parties' fourth question, the court cannot tell the LCIA which documents are or are not admissible in that proceeding; whether documents produced in this matter are admissible in the arbitration between HDT and Gennova is up to the LCIA.

1 | Dated this 13th day of August, 2022.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER - 3