UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HDT BIO CORP.,<br><br>            Plaintiff,<br><br>   v.<br><br>EMCURE PHARMACEUTICALS, LTD.,<br><br>            Defendant. | CASE NO. C22-0334JLR<br><br>ORDER |

      Before the court is the parties' joint motion requesting that the court enter either Plaintiff HDT Bio Corp. ("HDT") or Defendant Emcure Pharmaceuticals, Ltd.'s ("Emcure") proposed protective order. (Letter (Dkt. # 54); Emcure Prop. Order (Dkt. # 54-2); HDT Prop. Order (Dkt. # 54-1).) The parties indicate that they reached agreement on the terms of a protective order, with the exception of one issue: how the protective order should govern use of discovery materials produced in this case in the

//

ORDER - 1

related proceeding between HDT and Gennova Biopharmaceuticals Ltd. ("Gennova")[1] before the London Court of International Arbitration ("LCIA").  (Letter at 1.)  HDT insists on including a "sharing" provision that would allow confidential materials exchanged in this litigation to be used in the pending arbitration between HDT and Gennova before the LCIA.  (*See id.* at 1, 3; HDT Prop. Order ¶ I.G.1; *see also id.* ¶ I.A.2.i (allowing HDT to share confidential materials with corporate affiliates of Emcure (i.e., Gennova)).)  Emcure objects to the inclusion of a sharing provision and asks the court to enter its protective order, which limits the use of confidential discovery materials to this action in order to protect the parties' confidential business and trade secret information.  (*See id.* at 1-2, 8-9; Emcure Prop. Order ¶ I.G.1.)

Absent a court order or private agreement, litigants may disclose discovery materials to collateral litigants.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1128 n.1 (9th Cir. 2003).  Federal Rule of Civil Procedure 26(c)(1) allows a court to prevent such disclosure if a party shows good cause why a protective order is necessary.  Fed. R. Civ. P. 26(c)(1).  Rule 26(c)(1) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

There is no dispute that the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation" because "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the

---

[1] Gennova is a subsidiary of Emcure.  (*See* Compl. (Dkt. # 1) ¶ 3; 7/29/22 Order (Dkt. # 51) at 2.)

ORDER - 2

interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz*, 331 F.3d at 1131. Nevertheless, the Ninth Circuit has not adopted a policy that permits collateral litigants automatic access to confidential information produced during discovery in another action. *Id.* at 1132. Instead, where collateral litigants seek access to discovery materials subject to a protective order, they must move to modify the protective order and "demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Id.* (noting that this requirement "prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding"). The court that issued the protective order must determine that the protected documents bear some relevance to the collateral litigation and are generally discoverable therein and that a substantial amount of duplicative discovery will be avoided by modifying the protective order. *Id.* If the issuing court determines that the protective order should be modified to permit collateral litigants to seek protected discovery, then the collateral court becomes responsible for determining whether the discovery materials are ultimately discoverable in the collateral litigation. *Id.* at 1333 ("Allowing the parties to the collateral litigation to raise specific relevance and privilege objections to the production of any otherwise properly protected materials in the collateral courts further serves to prevent the subversion of limitations on discovery in the collateral proceedings."). Although *Foltz v. State Farm Mut. Aut. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) dealt with collateral litigants seeking to modify a protective order, rather than parties including a sharing provision in a protective order in the first instance, district courts have relied on *Foltz*'s reasoning to enter non-sharing

protective orders. *See, e.g.*, *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18CV347-CAB-MDD, 2019 WL 201440, at *2 (S.D. Cal. Jan. 15, 2019); *Harvey Prop. Mgmt. Co., Inc. v. Travelers Indem. Co.*, No. 2:12-CV-01536-SLG, 2015 WL 13021470, at *3 (D. Ariz. Mar. 17, 2015); *Beavers-Gabriel v. Medtronic, Inc.*, No. CIV. 13-00686 JMS, 2014 WL 7882099, at *2 (D. Haw. June 20, 2014).

By including, in the first instance, a sharing provision in its proposed protective order, HDT seeks the ability to share confidential material discovered in this case with Gennova and to use such documents in the arbitration before the LCIA without following the procedures set forth in *Foltz*. HDT's proposed sharing provision would allow it to share and use such documents without seeking leave to modify the protective order and obtaining a relevancy determination from the court. This scenario also deprives the LCIA of the opportunity to resolve any disputes that may arise with respect to discoverability of the materials in the pending arbitration between HDT and Gennova. Such an approach would circumvent the principles and procedures set forth in *Foltz*. Accordingly, the court declines to enter HDT's proposed protective order and instead concludes that good cause exists to enter Emcure's proposed protective order, which limits the use of confidential discovery materials to this litigation only. The non-sharing provision will protect Emcure's interests in its confidential business and commercial information and "prevent the subversion of any limitations on discovery" in the arbitration before the LCIA. *See Foltz*, 331 F.3d at 1133. Additionally, entering Emcure's non-sharing protective order will not prevent sharing of discovery in the collateral cases. Instead, HDT and Gennova will simply have to take the appropriate

ORDER - 4

1 | steps to obtain the confidential discovery materials produced in this case, as described
2 | herein and set forth in *Foltz*.
3 |       For the foregoing reasons, the court will enter Emcure's proposed protective order
4 | (Dkt. # 54-2).
5 |       Dated this 9th day of September, 2022.

JAMES L. ROBART
United States District Judge