1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable James L. Robart

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

HDT Bio Corp.,,

            Plaintiff,

      v.

Emcure Pharmaceuticals, Ltd.,,

            Defendant.

Civil Action No. 2:22-cv-00334-JLR

**JLR**

[~~PROPOSED~~] **PROTECTIVE ORDER**

**NOTED ON MOTION CALENDAR:**
**September 6, 2022**

Plaintiff HDT Bio Corp. ("HDT") and defendant Emcure Pharmaceuticals, Ltd. ("Emcure") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this litigation and request that the Court enter this Order setting forth the conditions for handling, treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entry of the following Protective Order ("Order" or "Protective Order").

I.      PROTECTED CONFIDENTIAL INFORMATION

Discovery materials produced in this case may be labeled as one of two categories: CONFIDENTIAL or HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY, as set forth in subsections A and B below. All three of the identified categories of information are referred to collectively in this Order as "Protected Information." Each party or nonparty that designates material for protection under this Protective Order shall limit any such designation to only that material, or parts of material, that qualify for the designation assigned to that material. No party or nonparty shall utilize any mass, indiscriminate, or routinized designations for protection under this Order.

A.      Information Designated as "Confidential Information"

1.      For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers in good faith to constitute confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. "CONFIDENTIAL INFORMATION" shall include, for example, the following documents and tangible things produced or otherwise exchanged: non-public technical documents

and things pertaining to the design, test, development, architecture, and operation of the accused systems/processes, including schematics, drawings, flow charts, specifications, source code, pseudocode, source code documentation, and other design documents; financial records and/or related documents; communications pertaining to the revenue and profits of the accused systems/processes; documents and communications containing information or data relating to future products not yet commercially released; documents and communications containing information or data relating to business, marketing, and/or product strategy; documents and communications containing information or data relating to commercial or settlement agreements; documents and communications relating to market and/or competitive analyses; third-party confidential information, etc.

2.      The following information is not CONFIDENTIAL INFORMATION:

a)      Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of act(s) not involving a violation of this Order, including but not limited to becoming a part of the public record through trial or otherwise;

b)      Any information that was already publicly known or obtainable prior to the disclosure; and,

c)      Any information that was received by the receiving party from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

3.      Unless otherwise ordered by the Court or agreed to by the producing party, documents, information or other material designated as containing CONFIDENTIAL INFORMATION and information contained therein shall be made available only to:

a)      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, financial and technical analysts, IT staff, litigation support staff, legal secretaries, legal clerks, filing room staff and shorthand reporters;

b)      Technical advisers and their necessary support personnel, subject to

the provisions of paragraphs I.F.1 through I.F.7 herein, provided that such disclosure(s) are only to the extent necessary, and further provided that: (a) such technical adviser(s) have signed the acknowledgement form attached hereto as Attachment A agreeing to be bound by the terms of this Order, and (b) there are no unresolved objections to such disclosure(s) existing after proper notice has been given to all parties as set forth in this Protective Order; the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not employees of a party or of any entities or other persons related to that party) with whom counsel may deem it necessary to consult;

        c)      One in-house counsel designated by each party with responsibility for managing this litigation;

        d)      The Court, its personnel and stenographic reporters (upon such terms as the Court deems proper), as well as any court considering any appeal or petition in this matter and that court's personnel;

        e)      Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in the actions; prior art search firms; non-technical jury or trial consulting services, including mock jurors, who have signed the form attached hereto as Attachment A;

        f)      Litigation support vendors specifically retained to assist outside counsel of record with document collection, production, review, and duplication services;

        g)      Witnesses who have been subpoenaed or noticed to testify and/or do testify at a deposition, hearing or trial in this Action subject to the limitations set forth in Paragraph I.H.2; and,

        h)      Any mediator or arbitrator chosen by the parties or designated by the Court regarding this matter.

**B.**    **Information Designated "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY"**

      1.    The HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY designation

is reserved for extremely sensitive CONFIDENTIAL INFORMATION that constitutes or contains (a) trade secrets or commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (b) information or data relating to future products not yet commercially released and/or strategic plans pertaining to future products, including, but not limited to: nonpublic technical information, including schematic diagrams, technical reference manuals, and operations manuals; and, (c) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. In determining whether information should be designated as HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only that party believes in good faith that the information must be protected from disclosure to the Parties themselves (and to any Non-Party) in this litigation.

2.    Documents, information, or other material designated HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be made available only to the persons or entities listed in paragraphs I.A.3.a, b, d, e, f, g, and h, and subject to any terms set forth or incorporated therein.

**C.    Identifying Protected Information**

1.    A producing party may designate documents or written discovery responses as Protected Information by affixing a legend reading CONFIDENTIAL or HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY (if printed), on each page that contains Protected Information prior to or at the time copies are furnished to the receiving party. For documents produced in native format, the producing party shall affix the appropriate legend prominently on the medium on which such documents are produced in native format.

2.    For other tangible things and information designated as Protected Information, the producing party shall affix the appropriate legend prominently on any tangible thing or media not addressed in the immediately preceding paragraph or, if not feasible to affix the legend to the thing or media, on the exterior of any case or container in which the information or

item is stored.

3.   Any Protected Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in the two immediately preceding paragraphs, shall be designated by the producing party by informing the receiving party of the designation in writing at or before the time of the disclosure or production of the Protected Information.

4.   A party or non-party offering or sponsoring testimony at a deposition or other proceeding may identify on the record, before the close of the deposition or other proceeding, that a specific portion of the testimony contains CONFIDENTIAL, or HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY material. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the party or nonparty that offers or sponsors the testimony may invoke on the record (before conclusion of the deposition or proceeding) a right to have up to thirty (30) days from the date of receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted, or to supplement the confidentiality designations made on the record. When this right has been invoked on the record, the transcript of the deposition or proceeding shall be treated as "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY" until the sooner of (a) receipt of the designations by the receiving party, or (b) expiration of the thirty (30) day period. In the alternative, when it appears that substantially all of the testimony qualifies for protection, the party or non-party may designate on the record the entire testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY material.

**D.    Use of Protected Information in Filings with the Court**

1.   This Order does not prospectively authorize sealing of Protected Information filed in the judicial record. The parties acknowledge that Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      In the event a party wishes to use any Protected Information produced by another party or nonparty in any pleading or document filed with the Court in this litigation, or as an exhibit at a hearing, without placing the information under seal, then the filing party must provide prior notice of its intention to do so sufficiently in advance under the circumstances to permit the producing party a reasonable opportunity to review the Protected Information and determine whether to approve the removal of the confidentiality designations or otherwise approve the filing of the materials without placing them under seal. If the filing party does not provide such notice, or if the producing party objects to the filing of its Protected Material without placing them under seal, then the filing party must file a sealing motion simultaneously with such pleading or document, requesting that such Protected Information be filed under seal in accordance with the procedures set forth in any applicable local civil rules. The producing party must provide reasonable assistance to the filing party to support the sealing motion.

E.      **Disclosure of Protected Information to Technical Advisers**

1.      Information designated by the producing party as Protected Information and such copies of this information as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel.

2.      No disclosure of Protected Information to a technical adviser or his/her necessary support personnel shall occur until that technical adviser has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection asserted in compliance with paragraphs I.F.4-I.F.5, that objection is waived or resolved either by agreement of the party engaging the technical adviser and the party objecting to disclosure of Protected Information to such person, or according to the provisions set forth below.

3.      A party desiring to disclose Protected Information to a technical adviser shall give prior written notice of the intended disclosure by email to all counsel of record in the litigation, including the following information for each technical adviser: 1) the general

categories of Protected Information (e.g., technical materials, financial statements, licensing materials, etc.) that the Receiving Party seeks permission to disclose to the technical adviser; 2) the technical adviser's full name and address; 3) a current curriculum vitae; 4) current employer(s); 5) each person or entity from whom the technical adviser has received direct compensation for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding three years; and 6) a listing of cases (by name and number of the case, filing date, and location of court, if known to the technical adviser) in which the technical adviser has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, within the preceding four years. To the extent the technical adviser is unable to disclose the specific employment because of any confidentiality obligations, the advisor shall disclose the time frame, general industry, and any other information sufficient to describe the engagement as permitted by the confidentiality obligations. To avoid doubt, the party desiring to disclose Protected Information to a technical adviser is not required to give prior written notice of intended disclosure every time certain Protected Information is shared with the same technical adviser; the initial disclosure of the technical adviser shall suffice.

    4.    The producing party shall have three (3) business days after such notice is given to email any objection to the disclosure to all outside counsel of record for the party desiring to disclose Protected Information to a technical adviser. Any objection to disclosure to a technical adviser that is not emailed to outside counsel within this time period is waived, and the Protected Information may be disclosed to the technical adviser pursuant to the terms of this Order. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing three business day notice period.

    5.    A party objecting for good cause to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld,

and for the purposes of this subsection, "good cause" is an objectively reasonable concern as defined in Paragraph I.F.7 below.

6.     Immediately upon emailing any objection to disclosure of Protected Information to a technical adviser, the producing party will make its counsel available to meet and confer, which meet and confer shall be concluded promptly and in no event later than two (2) business days following the transmission of the objection, unless another time is agreed to by the receiving and producing parties in writing. If after meeting and conferring the involved parties cannot resolve the objection (where such meet-and-confer need not take place in person), the objecting party may, within five (5) business days of the meet and confer, (a) seek an emergency ruling on the objection from the Court; or (b) file a motion seeking Court resolution of the objection.  A failure to file a motion within the five (5) business day period, absent an agreement of the parties to the contrary or for an extension of such period, shall operate as an approval of disclosure of Protected Information to the technical adviser.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.  Nothing stated herein shall hinder the ability of the party desiring to disclose Protected Information to a technical adviser to seek an emergency ruling or other relief with respect to the objection, and either party will be entitled to seek such emergency relief.

7.     The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser. This "good cause" shall include a particularized showing that: (1) the Protected Information is confidential technical or commercial information, (2) disclosure of the Protected Information likely would result in a clearly defined and serious injury to the objecting party's business, and (3) that disclosure of Protected Information to the proposed technical adviser would likely result in the Protected Information being disclosed to the objecting party's competitors, or other particularized, substantiated injury to the objecting party.

**F.     Challenges to Confidentiality Designations**

1.      The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party withdraw or modify the Protected Information designation with respect to any document or information contained therein.

2.      A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to promptly and informally resolve such disputes. If an agreement cannot be reached, the receiving party may request that the Court strike or modify a designation. The burden of demonstrating the confidential nature and appropriate designation of any information shall at all times be and remain on the producing party.

3.      Until a determination by the Court, the information at issue shall be treated as having been properly designated and subject to the terms of this Order.

## G.      Limitations on the Use of Protected Information

1.      All Protected Information shall be held in confidence by each person to whom it is disclosed, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Protected Information designated under the terms of this Protective Order shall be used by a receiving party solely for this litigation, and shall be used only for purposes of litigating this case, and shall not be used directly or indirectly for any other purpose.

2.      Depositions and Trial. Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and trial and may testify concerning all

Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

a)      A present officer, director, agent, contractor and/or employee of a producing party may be examined concerning all Protected Information which has been produced by that party.

b)      A former officer, director, agent, contractor and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information that constitutes or refers to matters of which the witness is believed in good faith to have relevant knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

c)      Non-parties may be examined or testify concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the producing party, by its attorneys, may seek a protective order from the Court prohibiting the attorney from disclosing Protected Information, and the other parties shall not oppose such request.

3.      Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, and except under the terms of this

Order, without the written permission of the producing party, or, in the alternative, by further order of the Court. Except as otherwise provided, however, nothing herein shall restrict a qualified recipient from making working copies, abstracts, scans, digests and analyses of CONFIDENTIAL and HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, scans, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

4.     Secure Storage, No Export. Protected Information must be stored and maintained by a receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. Each party receiving Protected Information shall comply with all applicable export control statutes and regulations. See, e.g., 15 CFR 734.2(b). No Protected Information may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. For the sake of clarity, without limitation, this prohibition prohibits a receiving party from accessing, disclosing, storing, carrying, sending, transferring, or transmitting, or allowing to be accessed, disclosed, stored, carried, sent, transferred, or transmitted, in any manner, a producing party's Protected Information, including any summary, compilation, or copy of any portion thereof, outside the territorial limits of the United States. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Information, to the extent otherwise

permitted by law, may be taken outside the territorial limits of the United States to the extent reasonably necessary for a deposition taken in a foreign country. Notwithstanding the foregoing, Protected Information may be made available to a foreign national who is an outside counsel for a party, or to a retained expert or consultant of a party or parties, provided that: (1) such outside counsel, expert, or consultant and any supporting personnel of the outside counsel, expert, or consultant access the Protected Information in the United States only, and does not transport the Protected Information to or access the Protected Information from any foreign jurisdiction; (2) such disclosure conforms with all applicable export control laws and regulations; and (3) such disclosure does not violate any other provision of this Order. The restrictions contained within this paragraph may be amended through the consent of the producing party to the extent that such agreed to procedures conform with applicable export control laws and regulations. *Notwithstanding the foregoing in this paragraph, a party or its related entities or other persons located outside the United States of America is not restricted in any way solely with respect to its own Protected Information.*

### H. Inadvertent Production of Protected Information Without Confidentiality Designation

1. Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure, to retrieve all copies of the Protected Information from unauthorized recipient(s) thereof, and to secure the agreement of the unauthorized recipients not to further disseminate the

Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

**I.      Protected Information Requested to Be Produced Outside This Litigation**

1.      If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other discovery request is directed shall promptly give written notice thereof to counsel for every party who has produced such documents with the objective of providing each such party with an opportunity to object to the production of such documents and seek appropriate relief. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given or in time to get an order excusing production of the Protected Information before the production is called for by the subpoena or other request, the party to whom the referenced subpoena or request is directed may produce such documents in response thereto.

2.      In the event that the producing party intends to seek such an order to prevent disclosure, the producing party shall promptly so advise the party receiving the subpoena or other discovery request, who shall bear no liability or responsibility to the extent that such notice is not delivered on a timely basis. Nothing herein shall be construed as requiring the party receiving the subpoena or other request to file a motion excusing its production of the Protected Information, to challenge or appeal any order requiring production of information or material covered by this Protective Order, to violate a subpoena or other lawful request for production, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the discovery request.

**J.      Destruction of Protected Information After Suit Ends**

1.      Within ninety (90) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the receiving party, either return or destroy all physical objects and documents which embody any remaining Protected Information it has received.

2.     In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party, including the destruction or return due date of ninety (90) days after the entry of a final non-appealable judgment or order resolving the entire case as against all parties, or the complete settlement of all claims asserted against all parties in this action.

3.     Notwithstanding the provisions of Section I.K.2, above, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business, and outside counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, expert reports, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only.

## K.     Nonparties to the Litigation

1.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Order, and may invoke its protections and restrictions over the nonparty's Protected Information. To the extent that such nonparty seeks the protections of this Order, it will also be subject to its obligations and deadlines.

2.     A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## II.     PATENT PROSECUTION

### A.     Prosecution Bar

1.     "Prosecution Bar Materials" mean all CONFIDENTIAL INFORMATION

or HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY materials produced by a party or a non-party EXCEPT for (i) documents and information not of a technical nature; and (ii) information that is or becomes publicly available, including patents and published patent applications.

2.      Any person who has reviewed opposing producing party's Prosecution Bar Materials shall not, for a period commencing upon receipt of such information and ending two (2) years following the conclusion of this case (including any appeals) engage in any Prosecution/Acquisition Activity (as defined below) on behalf of a party in this case or non-party.

3.      Prosecution/Acquisition Activity shall include any activity related to the prosecution or acquisition of patents or patent applications relating to: vaccine delivery systems, mRNA vaccines, or saRNA. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising on, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue, reexamination, or other proceedings affecting the scope or maintenance of patent claims, including inter partes review or covered business method review. To avoid any doubt, "prosecution" as used in this paragraph does not include management or supervision of purely administrative tasks to ensure compliance with rules and regulations of the United States Patent and Trademark Office (or any similar agency of a foreign government) but does include any substantive involvement in a matter before the United States Patent and Trademark Office (or any similar agency of a foreign government). Additionally, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination, inter partes review, or covered business method review). Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art, without additional input or consultation, to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a

patent applicant in complying with its duty of candor. For purposes of this paragraph, "acquisition" means the acquisition of patents (including patent applications) or any exclusive rights to patents or patent applications with subject matter relating to: computer implemented methods related to vaccine delivery systems, mRNA vaccines, or saRNA. Nothing in these provisions is intended to preclude counsel from participating in activities directly for the purpose of settling litigations.

4.      Notwithstanding the provisions in Section II.1-II.3, the receiving party may seek leave from this Court for litigation counsel, experts and/or consultants to participate in reexamination proceedings (including inter partes review and covered business method review) brought by the producing party.  Additionally, either party may seek leave of Court to exempt particular individuals from the prosecution/acquisition bar, such exemptions to be considered on an individual basis.

5.      For the sake of clarity, none of the terms of this Section II shall prevent any of the parties' outside counsel of record from participating in any inter partes, post-grant, or covered business method patent review, or any other proceeding before the United States Patent and Trademark Office's Patent Trial and Appeal Board (PTAB), in connection with any of the patents that are asserted in this action.

## III.      PRIVILEGED INFORMATION

### A.      Limits on the Waiver of Privilege

1.      Nothing in this Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. The production of a document that is privileged or otherwise protected from discovery does not result in the waiver of that privilege or protection in this litigation or any other federal or state proceeding, so long as such production is inadvertent and the producing party claws back the inadvertently produced document within a reasonable time after discovery of the inadvertent disclosure. Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other

privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the produced materials. The recipient(s) shall promptly gather and return, or destroy, all copies of the privileged material to the producing party, unless the recipient(s) intend to promptly file a motion to compel production of such material.

2. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of such documents (e.g., if such a motion to compel is not filed promptly after receiving a claw back notice), and shall not constitute an admission by the receiving party that any such document was, in fact, privileged or protected in any way. The receiving party shall retain the documents for submission to the Court only in the event the receiving party promptly moves to compel their production and only until such time as the issue(s) raised in the motion to compel have been finally adjudicated.

3. The parties agree that all attorney-client communications and work product created after the filing date of the earliest-filed complaint in this action are presumptively protected from disclosure at least by the attorney-client privilege and/or the attorney work product doctrine, and shall not be identified on privilege logs in connection with this action.

## IV. EXPERT MATERIALS

### A. Limits on the Discoverability of Expert Materials

1. Testifying and consulting experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying or consulting expert, and all materials generated by a testifying or consulting expert with respect to that person's work, are exempt from discovery unless actually relied upon by the testifying expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report. The foregoing does not otherwise restrict discovery by oral deposition of testifying experts, does not obligate any party to retain draft reports, and is not intended in any way to narrow the protections regarding disclosure of

1   expert materials in Fed. R. Civ. P. 26.

2   **V.   OTHER**

3       **A.   Miscellaneous Terms**

4           1.   This Order is entered without prejudice to the right of any party to apply to

5   the Court at any time for additional protection, or to relax or rescind the restrictions of this Order,

6   or otherwise modify this Order, when convenience or necessity requires. This Order is not

7   intended to prevent a party from seeking additional protections outside of this Order prior to

8   production of Protected Information, when convenience or necessity requires. Furthermore,

9   without application to this Court, any party that is a beneficiary of the protections of this Order

10  may agree to release any other party hereto from one or more requirements of this Order even if

11  the conduct subject to the release would otherwise violate the terms herein.

12          2.   This Court is responsible for the interpretation and enforcement of this

13  Order. Following termination of this litigation, the provisions of this Order shall continue to be

14  binding except with respect to those documents and information that become a matter of public

15  record. This Court retains and shall have continuing jurisdiction over the parties and recipients

16  of the Protected Information for enforcement of the provision of this Order following termination

17  of this litigation. All disputes concerning Protected Information produced under the protection

18  of this Order shall be resolved by this Court.

19          3.   Nothing in this Order shall preclude or impede outside litigation counsel of

20  record's ability to communicate with or advise their respective clients in connection with this

21  litigation only based on such counsel's review and evaluation of Protected Information, provided

22  however, that such communications or advice shall not disclose or reveal the substance or content

23  of any Protected Information other than as permitted under this Order.

24          4.   Each of the parties agrees to be bound by the terms of this Order as of the

25  date counsel for all parties have emailed each other that they approve the terms of this Order,

26  even if prior to entry of this order by the Court.

27          5.   Nothing in this Order shall prevent any party from disclosing materials in

which all Protected Information has been redacted to an individual or nonparty not designated under this Order to receive Protected Information, but only to the extent the producing party verifies that such Protected Information has been properly redacted, which verification shall be performed within a reasonable time.

6.    Headings in this Order are for ease of reference only and not intended to alter the provisions of the Order.

7.    Any person may be examined as a witness at trial, a hearing or during a deposition concerning any confidential information which that person had lawfully received or authored prior to and apart from this action and, therefore, nothing in this Order shall preclude any Party to this lawsuit or their attorneys from: (1) showing a document designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY," to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face; or (2) from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files which the Party itself has designated as "CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY," provided, however, that such a disclosure or use may be argued by the receiving party to constitute a waiver of the producing party's right to maintain such designations.

8.    By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no party waives any right to object on any ground to the use in evidence of any of the material covered by this Order. The parties' agreement to this Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any material, or any portion thereof, is privileged or otherwise nondiscoverable, or is not admissible in evidence in this action or any other proceeding.

DATED this 9th day of September, 2022.

The Honorable James L. Robart
United States District Judge

Presented by:

STOKES LAWRENCE, P.S.

By: /s/ Mathew L. Harrington
Mathew L. Harrington, WSBA No. 33276
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2392
mathew.harrington@stokeslaw.com
*Attorneys for Plaintiff HDT Bio Corp.*

STRIS & MAHER, LLP

By: /s/ Dana Berkowitz
Dana Berkowitz, Bar No. 303094
By: /s/ Peter K. Stris
Peter K. Stris, Bar No. 216226
By: /s/ Kenneth J. Halpern
Kenneth J. Halpern, Bar No. 187663
By: /s/ John Stokes
John Stokes, Bar No. 90017
777 S. Figueroa St., Suite 3850
Los Angeles, CA 90017
dberkowitz@stris.com
pstris@stris.com
khalpern@stris.com
jstokes@stris.com

*Attorneys for Plaintiff HDT Bio Corp.*

**ATTACHMENT A**
**CONFIDENTIALITY AGREEMENT**

My name is_____.

    1.  I reside at_____.

    2.  My present employer is_____.

    3.  My present occupation or job description is_____.

    4.  I have read the Protective Order dated_____, 20_____, and have been engaged as _____on behalf of _____in the preparation and conduct of the above-captioned litigation.

    5.  I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I submit to, and waive any objection I may have to, the jurisdiction of the United States District Court for the Western District of Washington to enforce the terms of the Protective Order, including after such time as the case may be concluded. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY, or any similar designation, are to be returned to counsel who provided me with such material.

    6.  I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

    7.  I state under penalty and perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on _____ day of _____, 2022.

_____

Printed Name: _____