THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HDT BIO CORP., <br><br> Plaintiff, <br><br> v. <br><br> EMCURE PHARMACEUTICALS, LTD., <br><br> Defendant. | Case No. 2:22-CV-00334-JLR <br><br> PLAINTIFF HDT BIO CORP.'S MOTION FOR ATTORNEYS' FEES AND COSTS <br><br> NOTE ON MOTION CALENDAR: <br> December 9, 2022 |

Pursuant to the Court's November 9, 2022 Order inviting this application, Dkt. No. 87, at 37-38, Plaintiff HDT Bio Corp. ("Plaintiff") hereby seeks 60% of its attorneys' fees associated with its successful motion to compel discovery, and respectfully requests that the Court award in the total amount of $72,850.50.

## BACKGROUND

Plaintiff filed this case against Defendant Emcure Pharmaceuticals, Ltd. ("Defendant") on March 21, 2022. Dkt. No. 1. The action presents a range of complex issues, both factual and legal, and involves significant alleged harm. *Id.* (seeking, among other relief, compensatory damages in excess of $950,000,000).

On May 13, 2022, Defendant moved to dismiss on jurisdictional grounds. Dkt. No. 23. On July 29, 2022, the Court denied Defendant's motion, holding that "it is in the parties and court's interest to conduct jurisdictional discovery before the court resolves Emcure's motion to dismiss" and set a November 3, 2022 deadline for the completion of jurisdictional discovery. Dkt. No. 51, at 23.

On August 13, 2022, the Court clarified the scope of discovery, ordering, *inter alia*, that Defendant "search for and produce documents in the possession of its subsidiary, Gennova." Dkt. No. 53, at 2.

When Defendant failed to produce documents in accordance with the Court's order, Plaintiff was forced to issue third-party subpoenas to various U.S. suppliers and ultimately to move to compel discovery. Dkt. Nos. 59 & 60. In response, Defendant filed two of its own discovery motions. Dkt. Nos. 63 & 65.

Following a hearing, the Court denied Defendant's motions and granted Plaintiff's in part. Dkt. No. 87. In awarding Plaintiff relief, the Court "invited HDT to file a request for payment of 60% of its expenses associated with the instant motion to compel." *Id.* at 37-38.

## RELIEF REQUESTED

Plaintiff seeks fees in the total amount of $72,850.50. In accordance with the Court's Order, this amount represents 60% of the work Plaintiff's counsel, Stris & Maher LLP and Stokes Lawrence, P.S. devoted to the successful motion to compel discovery. This request does not seek to recover for work performed on opposing Defendant's motions for protective order, despite the substantial overlap between the three motions. Further, Plaintiff seeks only to recover for work performed by the four primary Stris & Maher attorneys and three Stokes Lawrence attorneys working on the motion to compel. Plaintiff's figures do not include work performed by other Stris & Maher attorneys (who provided strategic input) or non-attorney staff (who collectively spent over 50 hours compiling the evidentiary record and finalizing and filing the papers).

Setting aside the time for which Plaintiff does not seek an award, Plaintiff devoted a total of 182.9 hours to the motion to compel at hourly rates ranging from $350 to $800. A summary table follows.

PLAINTIFF HDT BIO CORP.'S MOTION FOR ATTORNEYS' FEES
AND COSTS (2:22-CV-00334-JLR) - 2

STRIS & MAHER LLP
777 S Figueroa Street, Suite 3850
Los Angeles, California 90017
(213) 995-6800

| Biller | Hours | Rate | Amount |
|---|---|---|---|
| Dana Berkowitz | 86.3 | $750 | $64,725.00 |
| Kenneth J. Halpern | 12.3 | $800 | $9,840.00 |
| John Stokes | 14.5 | $575 | $8,337.50 |
| Lauren Martin | 37.3 | $575 | $21,447.50 |
| Mat Harrington | 24.4 | $575 | $14,030.00 |
| Justo González | .9 | $575 | $517.50 |
| Arianah Musser | 7.2 | $350 | $2,520.00 |
| **Total** | 182.9 | | $121,417.50 |

## ARGUMENT

The lodestar method is used to calculate "reasonable attorneys' fees" for the purpose of awarding attorneys' fees in a dispute. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 593-94, 675 P.2d 193 (1983). The lodestar method is "determined by multiplying a reasonable hourly rate by the number of hours reasonably expended on the lawsuit." *Id*. at 593. "There is a strong presumption that the lodestar figure represents a reasonable fee." *Hochberg v. Lincare, Inc.*, No. CV-07-0031-EFS, 2008 WL 11342787, at *2 (E.D. Wash. July 21, 2008).

For the following reasons, Plaintiff's rates and hours expended on the motion to compel are reasonable.

### I.    Plaintiff's Rates Are Reasonable.

The fees requested herein are based on standard hourly billing rates that are routinely paid by the firms' hourly billing clients. These rates are comparable to the rates of other counsel representing clients in complex litigation involving large sums of money. *See* Berkowitz Decl. ¶ ¶ 2-6, 8; Harrington Decl. ¶ ¶ 3-7, 9. And they are well below other hourly rates seen by this Court: "The court notes that fee awards with hourly rates exceeding $1,000 have been approved by courts in this district

PLAINTIFF HDT BIO CORP.'S MOTION FOR ATTORNEYS' FEES
AND COSTS (2:22-CV-00334-JLR) - 3

STRIS & MAHER LLP
777 S Figueroa Street, Suite 3850
Los Angeles, California 90017
(213) 995-6800

on numerous occasions." *Brazile v. Comm'r of Soc. Sec.*, No. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022).

## II.  Plaintiff's Time Devoted to the Successful Motion Was Reasonable.

Plaintiff's counsel seeks an award based on the expenditure of seven attorney hours on the successful motion to compel discovery. This amount of time was necessary given the complexity of the issues and work required to prepare the motion, evaluate Defendant's response, prepare a reply, and prepare for and attend the hearing. Berkowitz Decl. ¶ 8; Harrington Decl. ¶ 9.

## CONCLUSION

The Court should award fees in the total amount of $72,850.50, representing 60% of Plaintiff's expenses devoted to the successful motion to compel.

DATED this 23rd day of November, 2022

STOKES LAWRENCE, P.S.

*/s/ Mathew L. Harrington*

Mathew L. Harrington, WSBA #33276
1420 Fifth Avenue, Suite 3000 Seattle, WA 98101-2392
Mathew.Harrington@stokeslaw.com

STRIS & MAHER LLP

Peter K. Stris
Dana Berkowitz
Kenneth J. Halpern
John Stokes
pstris@stris.com
dberkowitz@stris.com
khalpern@stris.com
jstokes@stris.com
777 S Figueroa Street, Suite 3850 Los Angeles, California 90017 Phone (213) 995-6800
Fax (213) 261-0299

*Attorneys for Plaintiff HDT Bio Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2022, I caused the foregoing *Plaintiff HDT Bio Corp.'s Motion for Attorneys' Fees and Costs* to be:

☒      electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven W. Fogg
Corr Cronin, LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
sfogg@corrcronin.com

Michael A. Iannucci
M. David Tambussi
Christopher Cody Wilcoxson
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
michael.iannucci@blankrome.com
david.tambussi@blankrome.com
cody.wilcxson@blankrome.com

                                               */s/ Madelyne Garcia*
                                               Practice Assistant