UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HDT BIO CORP., <br><br> Plaintiff, <br><br> v. <br><br> EMCURE PHARMACEUTICALS, LTD., <br><br> Defendant. | CASE NO. C22-0334JLR <br><br> ORDER |

## I. INTRODUCTION

Before the court is Plaintiff HDT Bio Corp.'s ("HDT") motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37. (Mot. (Dkt. # 89); Am. Mot. (Dkt. # 92-1);[1] Reply (Dkt. # 96).) Defendant Emcure Pharmaceuticals, Ltd. ("Emcure") opposes the motion. (Resp. (Dkt. # 95).) The court has considered the parties'

---

[1] The court cites to the amended motion in this order. (*See generally* Am. Mot.; Praecipe (attaching amended motion).)

ORDER - 1

submissions, the balance of the record, and the applicable law. Being fully advised,[2] the court GRANTS IN PART HDT's motion for attorneys' fees and costs.

## II. ANALYSIS[3]

After granting HDT's motion to compel in part, the court invited HDT to file a request for payment of 60% of its reasonable expenses incurred in bringing its motion to compel pursuant to Rule 37(a)(5). (11/9/22 Order at 35 (concluding that "Emcure's failure to timely produce documents in response to the RFPs at issue was not substantially justified and resulted in unnecessary motion practice, and that the circumstances do not make an award of fees unjust"); *id.* (authorizing HDT to seek only 60% of its expenses because "HDT shares at least a portion of the blame, as a number of its RFPs at issue are overbroad").) In the instant motion, HDT asserts that it devoted 182.9 attorney hours to the motion to compel briefing and oral argument, at a total cost of $121,417.50 in fees. (*See generally* Am. Mot.; Berkowitz Decl. (Dkt. # 90) ¶ 11, Ex. A ("Stris & Maher Timesheet"); Harrington Decl. (Dkt. # 91) ¶ 9 ("Stokes Lawrence Timesheet").) Pursuant to the court's November 9, 2022 order, HDT asks the court to

//

//

---

[2] No party has requested oral argument (*see* Am. Mot. at 1; Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[3] The court detailed the factual and procedural background of this case in its July 29, 2022 and November 9, 2022 orders and does not repeat that background here. (*See* 7/29/22 Order (Dkt. # 51) at 2-5; 11/9/22 Order (Dkt. # 87) at 2-7.)

ORDER - 2

award it $72,850.50, which represents 60% of HDT's attorneys' fees associated with its motion to compel. (Am. Mot. at 1.[4]) Emcure responds that HDT's fee request is unreasonable and urgers the court to award a lesser amount. (*See* Resp. at 1-2.)

The court sets forth the relevant legal standard before discussing HDT's fee request.

**A.     Legal Standard**

Under Rule 37(a)(5), if a motion to compel is granted in part, "the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C); *see also id.* 37(a)(5)(A) (stating that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"). District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

To determine whether the requested fees are reasonable, the applies the "lodestar" method. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Raygoza v. City of Fresno*, 297 F.R.D. 603, 608 (E.D. Cal. 2014) (applying the lodestar method to Rule 37(a)(5) fee requests). The court begins by finding the "lodestar," which is calculated by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Camacho*, 523 F.3d at 978 (quoting *Ferland v. Conrad*

---

[4] Unless otherwise indicated, the court uses the CM/ECF page numbers when citing to the parties' pleadings and exhibits.

ORDER - 3

1  *Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Although the resulting figure is
2  presumptively reasonable, the court may, if circumstances warrant, adjust the lodestar
3  figure up or down based on a number of additional factors that have not been subsumed
4  in the initial lodestar calculation. *Camacho*, 523 F.3d at 977-78 (referencing the factors
5  enumerated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).[5] "The
6  party seeking fees bears the burden of documenting the hours expended in the litigation
7  and must submit evidence supporting those hours and the rates claimed." *Welch v.*
8  *Metro. Life Inc. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*,
9  461 U.S. 424, 433 (1983)).

**B.    Reasonableness of HDT's Request**

The court begins by discussing whether HDT's attorneys' hourly rates are reasonable before turning to whether HDT's attorneys reasonably expended 182.9 hours in association with the motion to compel.

    1.    Hourly Rate

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). Courts generally use the rates of attorneys practicing in the forum district for comparison. *See Gates*, 987 F.2d at 1405-06; *see also Ingram v.*

---

[5] Courts may, but are not required to, use the 12 factors set forth in *Kerr* to adjust attorney fee awards. *See Kerr*, 526 F.2d at 70; *see also, e.g.*, *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (noting that the court need not consider the *Kerr* factors unless necessary to support the reasonableness of the fee award).

*Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (noting that court may rely on its own knowledge and experience regarding fees charged in the area in which it presides).

HDT requests billing rates for its attorney timekeepers as follows: $750 for partner Dana Berkowitz, $800 for partner Kenneth J. Halpern, $575 for associate John Stokes, $575 for associate Lauren Martin, $575 for shareholder Mathew Harrington, $575 for shareholder Justo Gonzalez, and $350 for associate Arianah Musser. (*See* Am. Mot. at 3; Berkowitz Decl. ¶¶ 2-6, 11 (describing the attorneys' qualifications); Harrington Decl. ¶¶ 4-7 (same).) Emcure does not challenge these rates. (*See generally* Resp.) Given the lack of objection, and based upon the court's familiarity with the rates charged by attorneys in the Seattle legal community who represent clients in complex litigation involving large sums of money and who have similar qualifications, the court finds that these rates are reasonable. *See, e.g.*, *Wagafe v. Trump*, No. C17-0094RAJ, 2019 WL 954980, at *5-6 (W.D. Wash. Feb. 27, 2019) (approving hourly rates as high as $895).

2. <u>Hours Expended</u>

In order to determine a reasonable number of hours to be compensated, the court must consider "whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The hours claimed by a party may be reduced by the court if "the documentation of the hours is inadequate"; "if the case was overstaffed and hours are duplicated"; or "if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers*, 796 F.2d at 1210; *see also McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (stating that the court may exclude hours that were not reasonably

expended, such as those "that are excessive, redundant, or otherwise unnecessary" (quoting *Hensley*, 461 U.S. at 433-34)). "[I]n cases where a voluminous fee application is filed in exercising its billing judgment the district court is not required to set forth an hour-by-hour analysis of the fee request." *Gates*, 987 F.2d at 1399.  Indeed, when faced with such a fee application, the court has the "authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application.'" *Id.* (quoting *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)).

HDT asserts that it reasonably devoted 182.9 attorney hours to the motion to compel briefing and oral argument. (*See* Am. Mot. 4; Reply at 3-7.)  Emcure argues that the hours expended by HDT in relation to the motion to compel are "facially unreasonable" based on available precedent. (Resp. at 1-2 (asserting that a "reasonable lodestar would be in the range of 17 to 35 hours total"); *see also id.* at 10-12.)  It asks the court to reduce the number of hours claimed because, according to Emcure, "HDT's submission reveals time entries that are overbroad, excessive, redundant, and, in many cases, reflect inappropriate 'block billing' and tasks that . . . are not recoverable." (*Id.* at 1-2; *see also id.* at 3-10.)

Having reviewed all of the time entries submitted by HDT, the court agrees with the Emcure:  significant reductions are required here.  Because HDT's fee request reflects the work done by seven attorneys, with varying levels of experience and hourly rates, across two different organizations (*see generally* Am. Mot. at 3; Berkowitz Decl. ¶¶ 2-6, 11; Harrington Decl. ¶¶ 4-7), the court concludes that an "hour-by-hour analysis" of the

ORDER - 6

hours claimed is impractical and instead employs an across-the-board percentage cut to total number of hours claimed, *see Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (providing that a court should exclude hours that are excessive, redundant, unnecessary, or otherwise improper using one of these two methods). The court reduces the total number of hours claimed for the following reasons.

First, as Emcure correctly observes, many time entries are block-billed. Where a timekeeper's billing entry identifies a number of activities but only a single block of time, it makes it very difficult for the court to separate compensable hours from non-compensable hours. *Welch*, 480 F.3d at 948. Even where all of the activities listed in the billing entry are recoverable, block-billing may have a tendency to increase the overall time recorded. *Id.* Billing in this manner makes it impossible to determine the reasonableness of the work.[6] *Id.* As such, HDT cannot discharge its burden to "document[] the appropriate hours expended" with block-billed entries; any block-billed entries are therefore within the court's discretion to exclude. *Id.*; *see, e.g.*, *Black Lives Matter Seattle-King Cnty. v. City of Seattle, Seattle Police Dep't*, 516 F. Supp. 3d 1202,

---

[6] For example, on October 6, 2022, Ms. Berkowitz billed 10.60 hours to: "Coordinate finalization and filing of motion to compel with team, client, and local counsel; further meet-and-confer with supplier representatives regarding attached documents; review and revise declaration; review and revise draft motion." (Stris & Maher Timesheet at 10/6/22-DB.) The block-billed entry prevents the court from meaningfully evaluating the time reasonably spent to prepare the motion, as opposed to the time spent on tasks that should be excluded (*e.g.*, communicating with the client and clerical tasks). *See, e.g.*, *Thomas v. Everett Assoc. of Credit Men, Inc.*, No. C17-0599RSM, 2018 WL 1899356, at *2 (W.D. Wash. Apr. 20, 2018) (holding that time spent communicating with clients is not recoverable and is excluded from fee award); *Hosseinzadeh v. Bellevue Park Homeowners Assoc.*, No. C18-1385JCC, 2020 WL 7770242, at *2 (W.D. Wash. Dec. 30, 2020) ("[C]lients would reasonably expect that [clerical] tasks would be incorporated into the hourly rate charged by counsel[]" and therefore, while time "may be awarded, that is only true if the time was not clerical in nature.").

1214-15 (W.D. Wash. 2021) (reducing fee request for block-billed entries).  Here, HDT's records show many instances of impermissible block billing, and the court concludes that these block-billed entries warrant a reduction to the total number of hours claimed.  (*See, e.g.*, Stokes Lawrence Timesheet at 10/6/22-MLH ("Review and revise motion to compel and associated filings; prepare for filing; draft, revise, and confer regarding proposed order; continued analysis of sealing issue and compliance with protective order's requirements for handling confidential information; review Berkowitz Declaration before filing; final revisions to motion to compel."); Stris & Maher Timesheet at 10/5/22-DB ("Complete draft motion to compel; confer with PS, EB, and team regarding same; draft supplier section of declaration; coordinate preparation of rest of declaration and exhibits and LM and CH; meet-and-confer with supplier representatives regarding anticipated use of documents for motion to compel.").)

Second, many of the hours claimed appear to be excessive and redundant.  Staffing seven attorneys—including four with more than 10 years of experience—to work on the motion to compel "led to unnecessary duplication of effort that should be excluded from the lodestar figure."  *TVI, Inc. v. Harmony Enterps., Inc.*, No. C18-1461JCC, 2019 WL 5213247, at *2 (W.D. Wash. Oct. 16, 2019) (reducing lodestar hours from 95.9 hours to 20 hours, finding, in part, that "staffing three attorneys, two of whom have over 10 years of litigation experience . . . to work on a motion to compel and for spoliation sanctions and the motion for attorney fees led to unnecessary duplication of effort"); *see also Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ("[C]ourts ought to examine with skepticism claims that several lawyers were

needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do."). For example, lead counsel, Ms. Berkowitz, billed 26.6 hours to draft the 12-page motion to compel, and then five separate attorneys billed another 27.7 hours to "review and revise" the same short motion.[7] (*See, e.g.*, Stris & Maher Timesheet at 10/6/22-DB, 10/6/22-KH, 10/6/22-JS, 10/6/22-LM; Stokes Lawrence Timesheet at 10/6/22-MLH, 10/6/22-JGG.) Such time is, in the court's view, both excessive and redundant.[8]

Moreover, although the court acknowledges that HDT's motion involved a large evidentiary record with respect to the parties' discovery efforts, the legal issues involved in the motion to compel were not especially complex or novel. Accordingly, the legal services associated with the motion to compel could have been rendered, at least in part, by attorneys with less experience (and lower billing rates), and in significantly less than 182.9 hours. *See, e.g.*, *Knickerbocker v. Corinthian Colleges*, No. C12-1142JLR, 2014 WL 3927227, at *2 (W.D. Wash. Aug. 12, 2014) (reducing the 200 hours claimed by 65%, finding it "difficult to see how [the two experienced attorneys'] efforts were not

---

[7] The time entries associated with HDT's reply brief and preparation for oral argument are similarly redundant and excessive. (*See, e.g.*, Stris & Maher Timesheet at 10/21/22-DB, 10/21/22-KH, 10/21/22-LM (reviewing and revising reply); Stokes Lawrence Timesheet at 10/21/22-MLH (same); *see also, e.g.*, Stris & Maher Timesheet at 11/8/22-DB, 11/8/22-KH, 11/8/22-LM, 11/8/22-JS (preparing for hearing on motion to compel); Stokes Lawrence Timesheet at 11/8/22-MLH, 11/8/22-ANM (same).)

[8] *See, e.g.*, *Wilbur v. City of Mount Vernon*, No. C11-1100RSL, 2014 WL 11961980, at *3 (W.D. Wash. Apr. 15, 2014) (cutting hours where staffing ten attorneys and numerous paralegals and legal assistants on matter led to redundant or unnecessary work and noting that "[i]f this case were being contemporaneously billed to a paying client, such duplication and oversight would likely have been excised by cutting the hours of junior timekeepers or not billing the hours spent updating the senior partner on the case").

duplicative" and noting that the hours claimed were excessive in light of that redundancy and the complexity of the issues involved in the motions). The court therefore concludes that HDT's excessive and redundant billing entries also warrant a reduction to the total number of hours claimed.

For these reasons, the court finds that a 75% reduction of HDT's claimed hours, reducing the total hours expended to 45.73 hours, is appropriate in this case. Applying a 75% reduction to each of HDT's counsel's hourly totals and multiplying those values by each relevant reasonable hourly rate yields a total lodestar figure of $30,354.38.[9] The court concludes that this lodestar figure represents a reasonable award of HDT's attorneys' fees incurred in making its motion to compel. In light of the court's prior order awarding HDT 60% of its reasonable fees associated with its motion to compel (*see* 11/9/22 Order at 35), the court awards HDT $18,212.63.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS IN PART HDT's motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37 (Dkt. # 89). The court awards $18,212.63 in attorneys' fees to HDT. Emcure shall pay this amount in full by December 30, 2022.

//

//

//

---

[9] The *Kerr* factors do not warrant an increase or a further reduction in the lodestar figure. *See Camacho*, 523 F.3d at 977-78; *Kerr*, 526 F.2d at 70; *Cairns*, 292 F.3d at 1158.

Dated this 14th day of December, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 11