UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HDT BIO CORP.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EMCURE PHARMACEUTICALS, LTD.,<br><br>　　　　　　Defendant. | CASE NO. C22-0334JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court is Plaintiff HDT Bio Corp.'s ("HDT") motion to compel depositions. (Mot. (Dkt. # 105); Reply (Dkt. # 117).) Defendant Emcure Pharmaceuticals, Ltd. ("Emcure") opposes the motion. (Resp. (Dkt. # 111).) HDT also asks the court to take judicial notice of a March 28, 2023 order from the High Court of Judicature in Bombay, India (the "Indian High Court"). (Req. (Dkt. # 108).) Emcure does not oppose this request. (*See generally* Resp.) The court has considered the parties'

ORDER - 1

submissions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES HDT's motion to compel and GRANTS HDT's request for judicial notice.

## II. BACKGROUND[2]

This case arises from the alleged "theft of trade secrets" owned by HDT, a Seattle-based biotechnology company, by Emcure. (*See* Compl. (Dkt. # 1) ¶¶ 1-3, 5.) Emcure is "one of India's largest manufacturers and distributors of generic drugs." (*Id.* ¶ 2.) HDT sued Emcure in March 2020, alleging that it misappropriated HDT's trade secrets in violation of the Defense of Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and the Washington Uniform Trade Secrets Act ("WUTSA"), RCW 19.108.010, *et seq.* (*See* Compl. ¶¶ 94-110.) On May 13, 2020, Emcure moved to dismiss the case, arguing that the court lacks personal jurisdiction over it, among other arguments. (*See generally* MTD (Dkt. # 23) at 6-19.) The court denied Emcure's motion without prejudice and ordered the parties to conduct jurisdictional discovery until November 3, 2022. (7/29/22 Order at 23.) The court has since extended the jurisdictional discovery deadline several times. (*See* 10/20/22 Order (Dkt. # 72); 1/15/23 Order (Dkt. # 101) (extending deadline for purpose of conducting depositions of seven witnesses in India); 4/28/23 Order (Dkt.

---

[1] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court detailed the factual and procedural background of this case in its July 29, 2022 and November 9, 2022 orders and does not repeat them here. (*See* 7/29/22 Order (Dkt. # 51) at 2-5; 11/9/22 Order (Dkt. # 87) at 2-4.) Instead, the court discusses only the background relevant to the instant motion.

# 104) (same).) The current deadline is set to expire on July 3, 2023. (*See* 4/28/23 Order.)

In October 2022, the court granted HDT's unopposed motion asking the court to issue letters rogatory to the Indian High Court. (LR Mot. (Dkt. # 73) at 2 (stating that Emcure does not oppose the issuance of letters rogatory); *see also* 5/1/23 Berkowitz Decl. (Dkt. # 106) ¶¶ 4-18 (describing the parties' discussions regarding depositions of witnesses located in India and their agreement to use the letters rogatory process to conduct such depositions); 10/24/22 Order (Dkt. # 78); Letters Rogatory (Dkt. # 78-1), Exs. A-G (deposition notices describing procedures HDT sought to utilize).) The letters rogatory requested that the Indian High Court compel seven witnesses[3] located in India to be deposed in accordance with the attached notices of depositions. (Letters Rogatory at 2; *id.*, Exs. A-G (stating that HDT's U.S. counsel would take the depositions "by remote audio-video conference" and that HDT's Indian counsel would participate from India).)

On March 28, 2023, the Indian High Court held a hearing on the petition for enforcement of letters rogatory. (*See* 5/1/23 Berkowitz Decl. ¶ 23; 5/1/23 Advani Decl. (Dkt. # 107) ¶¶ 4, 7 (noting that the petition asked the Indian High Court to compel the seven depositions in accordance with the deposition notices attached to the letters rogatory).) During that hearing, Emcure's Indian counsel agreed that the letters rogatory should be executed but objected to U.S. lawyers conducting the depositions at issue

---

[3] One of the seven witnesses is Emcure's Federal Rule of Civil Procedure 30(b)(6) designee; three are employees of Emcure; and two are employees of Emcure's subsidiary, Gennova Biopharmaceutical, Ltd. (*See* LR Mot. at 2-6.)

because, according to Emcure's counsel, the Bar Council of India ("BCI") recently "clarified" that foreign lawyers and law firms "shall be allowed to function in 'non litigation areas only.'"[4] (Indian High Court Order (Dkt. # 108-1) ¶¶ 9-12.[5]) The Indian High Court concluded that HDT's request that its U.S. counsel conduct the depositions (whether in-person or remotely) "cannot be granted as it would be contrary to the said Rules of the Bar Council of India which bar[] a foreign lawyer from practicing law in India in litigious matter." (*Id.* ¶¶ 13-15; *see also* Letters Rogatory at 2, Exs. A-G.) Accordingly, the Indian High Court ultimately granted HDT's request to take the depositions of the seven Indian witnesses but required that they be conducted by HDT's Indian counsel. (Indian High Court Order ¶¶ 13-15.) The Indian High Court also appointed a retired judge to oversee the depositions. (*Id.* ¶ 15.)

In light of the limitation imposed by the Indian High Court, HDT asked Emcure to either drop its objections to personal jurisdiction or to make the Indian witnesses available for deposition by HDT's U.S. counsel outside of India. (5/1/23 Berkowitz Decl. ¶¶ 27-28, Ex. N.) Emcure affirmed that it was "ready, willing, and able to schedule

---

[4] Among other things, the parties dispute (1) the extent to which Emcure, or its Indian counsel, informed HDT that it intended to object to HDT's U.S. counsel taking the depositions; (2) whether the BCI's rules actually prevent a U.S. lawyer from conducting depositions (remotely or in-person) of witnesses located in India; and (3) whether Emcure acted in bad faith when its Indian counsel objected to HDT's counsel taking the depositions in light of the BCI's rules. (*Compare* 5/1/23 Berkowitz Decl. ¶¶ 24-26, 5/1/23 Advani Decl. ¶¶ 5-7, 6/6/23 Advani Decl. (Dkt. # 119) ¶¶ 5-18, Mot. at 2-7, *and* Reply at 1-5, *with* Nair Decl. (Dkt. # 112) ¶¶ 3-13, Jain Decl. (Dkt. # 113) ¶¶ 3-22, *and* Resp. at 2-8.) The court, however, need not resolve these issues to dispose of the instant motion. (*See infra* § III.A-B.)

[5] The court takes judicial notice of the Indian High Court's order because it is a foreign government's record whose authenticity and "accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

depositions in accordance with the High Court's Order," but stated it "did not feel comfortable" making the witnesses available for depositions outside of India because that "would amount to an end-run around the Indian High Court's Order." (*Id.* ¶ 31, Ex. P.)

HDT now asks the court to compel "Emcure to produce seven witnesses identified in the Letters Rogatory . . . for jurisdictional depositions [to be conducted outside of India and] taken by HDT's U.S. counsel, or in the alternative, to prohibit Emcure from supporting its jurisdictional defense with the testimony of those witnesses." (Mot. at 1.) HDT also requests monetary sanctions against "Emcure and/or its counsel." (*Id.*)

### III.  ANALYSIS

The court begins by discussing HDT's requests to compel the depositions or enter non-monetary sanctions against Emcure before turning to its request for monetary sanctions.

**A.  HDT's Motion to Compel**

HDT argues that Federal Rule of Civil Procedure 37 empowers the court to issue the requested relief. (*See, e.g.*, Reply at 5-6; Mot. at 8-10.) Emcure disagrees, arguing that "the relief HDT seeks finds no support in the Federal Rules or cited authorities." (Resp. at 8 (capitalization omitted); *id.* at 8-12.)

Federal Rule of Civil Procedure 37(a) grants courts the authority to compel discovery. In the deposition context, a party may move to compel a response if "a deponent fails to answer a question asked under Rule 30 or 31" or if an entity "fails to make a designation under Rule 30(b)(6)." Fed. R. Civ. P. 37(a)(3)(B)(i)-(ii). Additionally, "courts in this Circuit also have granted motions to compel under Rule

37(a)(3)(B)(i) in cases where a deponent failed to attend a noticed deposition." *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 221CV00194FLAMAAX, 2021 WL 4974648, at *7 (C.D. Cal. July 26, 2021) (citing *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018)) (noting that this provision is more commonly used to compel depositions of non-parties but can also be used to compel a party's deposition).  Rule 37(d) allows a party to seek sanctions if the opposing party or a Rule 30(b)(6) designee fails to appear for their deposition.  *Id.* 37(d)(1)(A)(i); *RG Abrams*, 2021 WL 4974648, at *7 (noting that such sanctions can include an order compelling the party or their Rule 30(b)(6) witness to attend a deposition).  Similarly, under Rule 37(b), the court may impose sanctions for a party's failure to obey "an order to provide or permit discovery."  *Id.* 37(b)(2) (providing list of potential sanctions, including an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence").

      HDT contends that Rule 37 allows the court to compel the seven witnesses to be deposed outside of India in light of (1) Emcure's Indian' counsel's "object[ion] to a 'U.S. Attorney conducting the deposition[s] in India,'" (2) the Indian High Court's order requiring that any deposition of a witness located in India be conducted by Indian counsel, and (3) Emcure's allegedly "uncooperative conduct" following the issuance of the Indian High Court's order.  (*See* Mot. at 4-10; Reply at 2-5.)  According to HDT, "[s]everal courts have ordered precisely the relief that HDT seeks under similar circumstances."  (Mot. at 8.)  However, the cases on which HDT relies are distinguishable.  None deals with the issue at hand—discovery for the sole purpose of

determining jurisdiction. (*Id.* (first citing *Fausto v. Credigy Services Corp.*, 251 F.R.D. 427 (N.D. Cal. 2008); and then citing *Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994)).[6]) HDT has provided no authority that supports compelling the Indian nonparty witnesses or Rule 30(b)(6) witness of Emcure, an Indian corporation contesting jurisdiction, to attend a deposition outside of India. (*See generally* Mot.; Reply); *see also, e.g.*, *Tile Unlimited, Inc. v. Blanke Corp.*, No. 10 C 8031, 2013 WL 1668194, at *4 (N.D. Ill. Apr. 17, 2013) (stating that plaintiff failed to establish that Federal Rules of Civil Procedure support "compelling a German citizen who is president of [defendant,] a German company[,] to travel to Chicago to give testimony in a case in which jurisdiction over the German company has not yet been established").

In this case, an order compelling the depositions of the seven witnesses or otherwise sanctioning Emcure for its conduct related to such depositions is inappropriate. First, a non-monetary sanction under Rule 37(b)—in the form of an order prohibiting Emcure from supporting its jurisdictional defense with testimony from the seven witnesses—is inappropriate because Emcure has not failed to follow an order providing for or permitting discovery. HDT argues that sanctions are available under Rule 37(b)

---

[6] The cases are also inapplicable for other reasons. Unlike here, the proposed foreign deponents in *Fausto* were named defendants and there appeared to be no dispute regarding the court's personal jurisdiction over them. *Fausto*, 251 F.R.D. at 430-31. And in *Hyde*, the Ninth Circuit affirmed an order compelling the depositions of foreign corporate representatives of the foreign plaintiff to take place in San Francisco, rather than Hong Kong, based on two facts not present here: (1) the plaintiff had disregarded the previous deposition order; and (2) having filed the lawsuit in San Francisco, the foreign plaintiff should have expected to appear there. *Hyde*, 24 F.3d at 1166; *see also Bella+Canvas, LLC v. Fountain Set Ltd.*, No. 2:21-cv-00758-ODW-MAA, 2022 WL 3697358, at *12, 18 (C.D. Cal. June 29, 2022) (distinguishing *Hyde* in the same manner and denying plaintiff's motion to compel foreign defendant's corporate representative to sit for deposition in California).

1  because Emcure has "disregarded three [c]ourt orders contemplating that HDT's U.S.
2  counsel would depose its witnesses." (Reply at 5 (citing the court's issuance of letters
3  rogatory and two of the court's orders extending the jurisdictional discovery deadline).)
4  The court disagrees.

5  The letters rogatory issued by this court were not orders; rather, they were merely
6  requests from this court to the Indian High Court asking it to compel the depositions of
7  the seven Indian witnesses. (Letters Rogatory); *see, e.g.*, *Sec. Ins. Co. of Hartford v.*
8  *Trustmark Ins. Co.*, 218 F.R.D. 24, 26 n.1 (D. Conn. 2003) ("By definition, the letter
9  [rogatory] is not an order and becomes an order only at the pleasure of the foreign
10 authority, which in this case is not bound by any agreement with the United States to
11 honor the request."); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248
12 (2004) ("[A] letter rogatory is the request by a domestic court to a foreign court to take
13 evidence from a certain witness."); (*see also* LR Mot. at 4 (repeatedly characterizing a
14 letter rogatory as a "request")). Further, the court's January 15, 2023 and April 28, 2023
15 orders extending the jurisdictional discovery deadline to provide HDT additional time to
16 depose the seven Indian witnesses, in light of delays and complications with the letters
17 rogatory process, did not impose any specific discovery obligations on Emcure. (*See*
18 1/15/23 Order; 4/28/23 Order); *see, e.g.*, *Neely v. Boeing Co.*, No. C16-1791JCC, 2019
19 WL 2177699, at *5 (W.D. Wash. May 20, 2019) (denying Rule 37(b) motion for
20 sanctions where plaintiff neither established that court's orders "imposed specific
21 discovery obligations on Defendant" nor produced "clear and convincing evidence that
22 Defendant violated such obligations"). Accordingly, HDT fails to establish that the

non-monetary sanction it requests—i.e., an order prohibiting Emcure from supporting its jurisdictional defense with the testimony of the seven witnesses—is warranted under Rule 37(b).

Second, an order compelling Emcure to produce the seven witnesses for depositions outside of India is unwarranted under Rule 37(a) and (d). There is no evidence that the seven witnesses failed to attend properly noticed depositions.[7] To the contrary, Emcure has continually stated that its witnesses are available for deposition in accordance with the Indian High Court's order enforcing the letters rogatory. (*See* 5/1/23 Berkowitz Decl., Ex. P; *see also* Resp. at 9.) HDT does not dispute this point. (*See* Reply at 5-6 (failing to rebut Emcure's contention that its witnesses did not fail to attend properly noticed depositions).) Accordingly, the court does not see a basis to compel the depositions under Rule 37(a) or (d). *See RG Abrams*, 2021 WL 4974648, at *7 ("Plaintiff has not cited any cases in which a court granted a Rule 37(a) motion to compel without evidence from the movant that the deponent actually had failed to attend a noticed deposition, and this Court's independent research has not revealed such cases."); Fed. R. Civ. P. 37(d)(1)(A)(i) (providing that sanctions are only available if a party or a party's

---

[7] HDT has not identified any properly noticed depositions that the seven witnesses failed to appear for. (*See generally* Mot.; Reply.) As far as the court is aware, the only notices of depositions HDT has provided are the notices that were sent to Emcure in September and October 2022, discussed by the parties, and ultimately attached to the letters rogatory. (*See, e.g.*, LR Mot. at 2-4, Letters Rogatory, Exs. A-G; 5/1/23 Berkowitz Decl. ¶¶ 4-19.) Those deposition notices were attached to the letters rogatory to show the Indian High Court the requested scope of the depositions and the manner in which HDT intended to conduct the depositions. (*See, e.g.*, Letters Rogatory at 2 (asking the Indian High Court to compel the seven witnesses' depositions in accordance with the notices).) Thereafter, the Indian High Court had the sole authority to grant, deny, or alter those requests. *See Trustmark Ins. Co.*, 218 F.R.D. at 26 n.1.

ORDER - 9

Rule 30(b)(6) designee, officer, director, or managing agent fails to appear for a properly noticed deposition).

In sum, HDT provides no authority for its position that Rule 37 allows this court to compel Emcure to produce the seven witnesses for depositions outside of India before the court has established that it has personal jurisdiction over Emcure. (*See generally supra*; Mot.; Reply.) HDT similarly fails to establish that Emcure should be precluded, under Rule 37, from relying on the witnesses' testimony in contesting personal jurisdiction if it does not produce the witnesses for depositions outside of India. (*See supra*.) Accordingly, the court DENIES HDT's motion to compel. If HDT wishes to depose the seven witnesses, it must do so in accordance with the procedures set out in the Indian High Court's order. *See, e.g.*, *Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 394 (3d Cir. 2021) (explaining that if "letters of request for judicial assistance to Germany and India" were granted, "their courts will issue orders under their respective laws"); 3 Nanda, Pansius, & Neihart, Litigation of International Disputes in U.S. Courts § 17:3 (2023) ("Because letters rogatory employ foreign courts, the method of examination will normally conform to the customs of the foreign courts.").

**B.      HDT's Request for Monetary Sanctions**

HDT seeks its attorneys' fees and costs pursuant to Federal Rule 37(a)(5)(A), Federal Rule 37(b)(2)(C), and 28 U.S.C. § 1927. (Mot. at 10-11 (requesting fees and costs associated with instant motion, the procurement and issuance of letters rogatory, and the appearance of HDT's Indian counsel at hearing before the Indian High Court).)

//

1   Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any
2 case unreasonably and vexatiously may be required by the court to satisfy personally the
3 excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."
4 When a party prevails on a Rule 37(a) motion to compel or a Rule 37(b) motion for
5 sanctions, that party is entitled to their reasonable expenses, including fees, unless the
6 opposing party's conduct was substantially justified or other circumstances make an
7 award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A); *id.* 37 (b)(2)(C) (noting that
8 monetary sanctions under 37(b) are "[i]nstead of or in addition to other sanctions orders
9 made under Rule 37(b)").

10   The court concludes that HDT is not entitled to an award of fees and costs under
11 Federal Rule 37(a)(5)(A), Federal Rule 37(b)(2)(C), or 28 U.S.C. § 1927 because, as
12 detailed above, Emcure did not violate a discovery order and Rule 37 does not appear to
13 provide a basis for compelling the seven depositions.  (*See supra* § III.A (denying HDT's
14 motion to compel).)  As such, an order granting HDT's reasonable fees and costs
15 associated with the instant motion and the letters rogatory process is not warranted and
16 the court therefore DENIES HDT's request for an award of attorneys' fees and costs.

17 **C.**   **Jurisdictional Discovery Deadline**

18   At present, the jurisdictional discovery deadline is set to expire on July 3, 2023.
19 (4/28/23 Order.)  To afford additional time for HDT's Indian counsel to depose the seven
20 Indian witnesses in accordance with the Indian High Court's March 28, 2023 order, the
21 court EXTENDS the jurisdictional discovery deadline to July 28, 2023.  If necessary,
22 //

ORDER - 11

HDT may file an amended complaint on or before August 4, 2023. After August 4, 2023, Emcure may either answer or file a renewed motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, the court DENIES HDT's motion to compel depositions (Dkt. # 105) and GRANTS HDT's request for judicial notice (Dkt. # 108). The court further EXTENDS the jurisdictional discovery deadline to July 28, 2023. If necessary, HDT may file an amended complaint on or before August 4, 2023. After August 4, 2023, Emcure may either answer or file a renewed motion to dismiss.

Dated this 30th day of June, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 12