UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HDT BIO CORP.,

Plaintiff,

v.

EMCURE PHARMACEUTICALS, LTD.,

Defendant.

CASE NO. C22-0334JLR

ORDER

## I. INTRODUCTION

Before the court are four motions to seal, two filed by Plaintiff HDT Bio Corp. ("HDT") (10/16/23 Mot. (Dkt. #143); 11/10/23 Mot. (Dkt. # 185)), and two filed by Defendant Emcure Pharmaceuticals, Ltd. ("Emcure") (10/25/23 Mot. (Dkt. # 156); 11/6/23 Mot. (Dkt. # 174)). HDT responded to Emcure's motions (10/25/23 Mot. Resp. (Dkt. # 184); 11/6/23 Mot. Resp. (Dkt. # 192)), and Emcure responded to HDT's motions (10/16/23 Mot. Resp. (Dkt. # 181); 11/10/23 Mot. Resp. (Dkt. # 194)). Except for HDT's

November 10, 2023 motion, the parties filed reply briefs in support of their motions. (10/16/23 Mot. Reply (Dkt. # 190); 10/25/23 Mot. Reply (Dkt. # 191); 11/6/23 Mot. Reply (Dkt. # 193).) The motions concern briefs and other documents related to HDT's motion to compel (MTC (Dkt. ## 146 (sealed), 144 (redacted)) and Emcure's motion to dismiss (MTD (Dkt. # 136)). The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[1] the court GRANTS in part and DENIES in part HDT's October 16, 2023 motion and Emcure's October 25, 2023 motion and DENIES Emcure's November 6, 2023 motion and HDT's November 10, 2023 motion.

## II. ANALYSIS

### A. Legal Standard

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records."). The public's "right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute."). To overcome the presumption of public access, a party must file a motion that includes "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an

[1] Neither party requests oral argument, and the court concludes that oral argument would not be helpful to its disposition of these motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

explanation of" (i) "the legitimate private or public interests that warrant the relief sought"; (ii) "the injury that will result if the relief sought is not granted"; and (iii) "why a less restrictive alternative to the relief sought is not sufficient." Local Rules W.D. Wash. LCR 5(g)(3)(B)(i)-(iii).

Two standards govern sealing motions in the Ninth Circuit. Ordinarily, "a party must show 'compelling reasons' to keep a document under seal." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The Ninth Circuit has "carved out an exception," however, "for sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* at 1097 (quoting *Foltz*, 331 F.3d at 1135). When such nondispositive motions are "only tangentially related[] to the merits of a case," "the good cause standard from Rule 26(c)" applies. *See id.* at 1097, 1099; *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action.").

Although requests to seal documents associated with motions to compel are typically reviewed under the good cause standard, *see, e.g.*, *Labbe' v. Dometic Corp.*, No. 2:20-cv-01975-DAD-DMC, 2023 WL 6519306, at *2 (E.D. Cal. Oct. 4, 2023) (compiling cases), the court applies the "compelling reasons" standard when evaluating the instant motions to seal because HDT's motion to compel and Emcure's motion to dismiss are intertwined. (*See* 12/4/23 Order (Dkt. # 195) (sealed) at 3.) HDT's motion to compel concerned two emails that it used in its response to Emcure's motion to dismiss. (*See*

MTD Resp. (Dkt. ## 152 (sealed), 148 (redacted)) at 21.) HDT's motion to compel is therefore closely related to the merits of the case, and the compelling reasons standard must be satisfied. *See Ctr. for Auto Safety*, 809 F.3d at 1097.

To satisfy the compelling reasons standard, the requesting party must support its argument with "specific factual findings" that demonstrate the reasons for sealing "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (quoting *Foltz*, 331 F.3d at 1135). "Compelling reasons sufficient to outweigh the public's interest in disclosure exist when court records might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (internal brackets and quotation marks omitted) (quoting *Kamakana*, 447 F.3d at 1179). The need to keep materials protected by the attorney-client privilege and the work product doctrine confidential may also constitute a compelling reason to justify keeping documents under seal. *See Copeland v. Hewlett-Packard Co.*, 716 F. App'x 603, 609 (9th Cir. 2017).

The court addresses the parties' motions below.

**B. 10/16/23 Motion to Seal (Dkt. # 143)**

HDT's first motion to seal concerns the following documents: (1) portions of and certain exhibits attached to the October 16, 2023 declaration of Dana Berkowitz (Dkt. # 153); (2) portions of the October 16, 2023 declaration of Amit Khandhar (Dkt. # 155); and (3) certain documents designated as Emcure/Gennova confidential. (10/16/23 Mot. at 2-4.) The court considers each in turn.

*a. Berkowitz Declaration (Dkt. # 153)*

With exhibits, HDT's Berkowitz Declaration (Dkt. # 153) is 1,386 pages long. The court addresses HDT's arguments first and then Emcure's.

HDT does not identify any particular paragraphs or lines it seeks to keep under seal. Instead, HDT broadly seeks to keep confidential "information about suppliers, ingredients, proportions of ingredients, and/or the combination thereof." (10/16/23 Mot. at 5.) HDT's statement is far too broad and imprecise to overcome the compelling reasons standard. The court does not even know where to begin, and many pages of the publicly filed version of the declaration (Dkt. # 149) are entirely redacted, making a side-by-side comparison even more impractical than it otherwise would be. Moreover, as the court noted in its previous order, mere ingredients and suppliers listed in HDT's amended complaint are not trade secrets. (12/4/23 Order at 15-16.) HDT may redact information concerning confidential discussions or agreements with suppliers as well as formulas, recipes, and pricing information that are not publicly available. HDT may not redact supplier names or the materials they sell if that information is in the public domain, such as from the supplier's website. The court warns HDT that blanket, whole-page redactions are largely unacceptable and show disregard for the court's local rules, which demand that the least restrictive alternative be used.

Emcure seeks to redact portions of paragraphs 15, 21, 28, and 51 of the Berkowitz Declaration, in addition to several exhibits. (10/16/23 MTC Resp. at 4-5.) Emcure has explained why each of these paragraphs and documents contain sensitive information, including information concerning pricing, private negotiations, and Emcure's IPO

strategy. (*See id.*) The court has reviewed each of the paragraphs and exhibits and agrees that there are compelling reasons to keep this information under seal, as its disclosure could harm Emcure's competitive status. *See ImprimisRX, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029210, at *3 (S.D. Cal. Oct. 24, 2023) (finding compelling reasons to keep "sensitive business information" concerning pharmaceuticals and pricing under seal due to the risk of competitive harm).

Accordingly, the court GRANTS in part and DENIES in part this portion of HDT's motion to seal.

*b. Khandhar Declaration (Dkt. # 155)*

HDT's argument concerning the Khandhar declaration suffers the same flaws as its argument concerning the Berkowitz Declaration. The court has reviewed the declaration and concludes that the disclosures in paragraphs 5 and 7 do not constitute trade secrets because these ingredients and suppliers are listed in HDT's amended complaint. (*See, e.g.*, Am. Compl. (Dkt. # 133) ¶ 213 (discussing "oxide nanoparticles" in a previous ingredient list); *id.* ¶ 224 (listing "vendors in the United States," including Ocean NanoTech in San Diego). The ingredients listed in paragraph 2 concerning HDT's mRNA recipe, however, may be a trade secret, as the court was unable to locate those materials in HDT's amended complaint. (*See generally id.*) HDT may keep that information under seal unless it is available elsewhere on the docket or the use of those precise ingredients to manufacture mRNA is known in the scientific community.

//

//

*c. Emcure/Gennova Materials*

The last materials Emcure seeks to maintain under seal are emails exchanged between Berjis Desai and Sanjay Singh. (Emails (Dkt. # 147-1) (sealed).) Emcure maintains that these emails are protected by the attorney-client privilege, but the court has already ruled that they are not. (12/4/23 Order at 8.) These emails shall be filed publicly on the docket.

*d. Summary*

Accordingly, HDT's October 16, 2023 motion to seal (Dkt. # 143) is GRANTED in part and DENIED in part. The parties shall meet and confer and file updated documents on the docket per the court's instructions below. *See infra* § III.

**C. 10/25/23 Motion to Seal (Dkt. # 156)**

Emcure's first motion seeks to seal the following documents: (1) Exhibits B and C to Dharmesh Kumat's October 25, 2023 declaration (Dkt. # 168); (2) portions of Sanjay Singh's October 25, 2023 declaration (Dkt. # 169); and (3) certain materials cited in other documents designated as HDT confidential. (10/25/23 Mot. at 2.)

Emcure argues that Exhibits B and C to Mr. Kumat's declaration and page 2 of Sanjay Singh's declaration concern information related to pricing for vaccine-related supplies and services and that its disclosure would harm Emcure's competitive status because the prices it pays are the result of confidential negotiations. (*Id.* at 4.) The court agrees that there are compelling reasons to keep this information under seal but believes it can be done with minimal redactions. Accordingly, Emcure may redact specific account numbers, quantities, and dollar amounts but may not redact supplier names or

other non-confidential materials. *See United States v. Chen*, No. 17-cr-00603-BLF, at *2 (N.D. Cal. July 14, 2022) (finding "compelling reasons" to seal "proprietary business information, including pricing and other negotiated terms").

HDT seeks to seal portions of and certain exhibits to Swarnendu Kaviraj's October 25, 2023 declaration (Dkt. # 167). These materials, again, concern certain suppliers and materials. To begin, the information located on pages 2 and 3 of Mr. Kaviraj's declaration is publicly available and concerns suppliers and the materials they sell. HDT's argument that each combination of material and supplier should be kept confidential falls short of a compelling reason to keep this information under seal. Similarly, Exhibit E is a publicly available web page containing a product data sheet from Ocean NanoTech. This document shall be made publicly available with no redactions. Finally, HDT seeks to seal portions of Exhibit G to Mr. Kaviraj's declaration because it "discloses . . . the identity of two of HDT's key suppliers coupled with critical information about which vaccine ingredients those suppliers could provide." (10/25/23 Mot. Resp. at 5.) But those suppliers, as well as materials they sell, are disclosed in HDT's amended complaint. (*See* Am. Compl. ¶ 224 (naming Imagion); *id.* ¶ 228 ("Mr. Kumat urged the supplier Lipoid to allocate more DOTAP . . . .").) HDT's argument again falls short of providing compelling reasons for keeping this information under seal.

Accordingly, the court GRANTS in part and DENIES in part Emcure's October 25, 2023 motion to seal (Dkt. # 156). The parties shall meet and confer and file updated documents on the docket per the court's instructions below. *See infra* § III.

//

**D. 11/6/23 Motion to Seal (Dkt. # 174)**

Emcure's second motion to seal concerns references to Berjis Desai's and Sanjay Singh's emails (*see generally* Emails), which the court has already ruled on. *See supra* § II(B)(c). For the reasons already discussed in this order and the court's December 4, 2023 order, the motion is DENIED.

**E. 11/10/23 Motion to Seal (Dkt. # 185)**

HDT filed its second motion to seal to give Emcure the opportunity to justify keeping certain materials it has designated as confidential under seal. (*See* 11/10/23 Mot. at 2.) Emcure confirms that these materials "are not confidential and can be publicly filed." (11/10/23 Mot. Resp. at 2.) The court therefore DENIES the motion to seal.

## III. INSTRUCTIONS TO PARTIES

The court ORDERS the parties to meet and confer and file updated copies of all sealed materials submitted by the parties on the docket consistent with the court's rulings herein. The parties must do so by no later than **January 12, 2024**.

Moreover, pursuant to the court's December 4, 2023 order, the court ORDERS the parties to meet and confer regarding which, if any, portions of the December 4, 2023 order (Dkt. # 195) they seek to redact in light of the rulings in this order. Counsel must then submit one joint statement or, if they cannot agree on a joint statement, competing statements indicating the portions of the order they seek to have redacted and on what basis. *See Kamakana*, 447 F.3d at 1179-80. The statement or statements must attach a proposed redacted order that incorporates the redactions requested in the corresponding statement. The parties must file any such statement by no later than **December 11, 2023**.

The court will consider the parties' redaction requests, if any, and then file the order on the docket with any necessary redactions.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part HDT's October 16, 2023 motion to seal (Dkt. # 143), GRANTS in part and DENIES in part Emcure's October 25, 2023 motion to seal (Dkt. # 156), DENIES Emcure's November 6, 2023 motion to seal (Dkt. # 174), and DENIES HDT's November 10, 2023 motion to seal (Dkt. # 185).

Dated this 5th day of December, 2023.

JAMES L. ROBART
United States District Judge