THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HDT BIO CORP., <br><br> Plaintiff, <br><br> v. <br><br> EMCURE PHARMACEUTICALS, LTD., <br><br> Defendant. | No. 2:22-cv-00334-JLR <br><br> **EMCURE'S MOTION FOR ATTORNEYS' FEES UNDER RCW 4.28.185(5)** <br><br> **NOTE ON MOTION CALENDAR:** <br> January 12, 2024 |

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5)
(No. 2:22-cv-00334-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................... 1

IBACKGROUND ........................................................................................................................... 2

    A.    HDT haled India-based Emcure into this Court while simultaneously pursuing HDT's contracted-for remedy against Gennova in a London arbitration. ........................................................................................................... 2

    B.    This Court granted Emcure's motion to dismiss for lack of personal jurisdiction. ................................................................................................................ 4

I.    EMCURE IS ENTITLED TO REASONABLE ATTORNEYS' FEES UNDER WASHINGTON'S LONG-ARM STATUTE................................................................. 5

    A.    Legal Standard ................................................................................................... 5

    B.    Emcure qualifies for attorneys' fees under Washington's long-arm statute. .......... 6

    C.    Emcure's requested fees are reasonable. ............................................................. 7

        1.    Perkins Coie LLP ...................................................................................... 8

            a.    Reasonable work........................................................................... 8

            b.    Reasonable rates......................................................................... 10

        2.    Blank Rome LLP .................................................................................... 11

            a.    Reasonable work......................................................................... 11

            b.    Reasonable rates......................................................................... 11

        3.    Corr Cronin LLP .................................................................................... 12

        4.    Berkeley Research Group, LLC .............................................................. 13

        5.    Parinam Law ........................................................................................... 13

CONCLUSION............................................................................................................................ 13

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – i
(No. 2:22-cv-00334-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Absher Const. Co. v. Kent Sch. Dist. No. 415*,
    79 Wash. App. 841 (1995) ............................................................................................... 9

*Bowers v. Transamerica Title Ins. Co.*,
    100 Wash. 2d 581, 675 P.2d 193 (1983) ........................................................................ 11

*Cabell v. Zorro Prods.., Inc.*,
    No. 13-CV-00449RSM, 2015 WL 11233121 (W.D. Wash. Mar. 23, 2015) ............... 6, 7, 8

*Chalmers v. City of L.A.*,
    796 F.2d 1205 (9th Cir. 1986), *amended on other grounds*,
    808 F.2d 1373 (1987) ...................................................................................................... 9

*Confeccoes Texteis de Vouzela, Lda. v. Space Tech Sys. Inc.*,
    968 F.2d 1220 (9th Cir. 1992) ......................................................................................... 1

*Eat Right Foods, Ltd v. Whole Foods Mkt. Servs., Inc.*,
    No. C13-2174RSM, 2015 WL 11233198 (W.D. Wash. Feb. 18, 2015) ....................*passim*

*Hewitt v. Hewitt*,
    78 Wn. App. 447 (Wash. Ct. App. 1995) ................................................................... 6, 10

*McGrath v. County of Nev.*,
    67 F.3d 248 (9th Cir. 1995) ............................................................................................ 8

*Moi v. Chihuly Studio*,
    No. 19-35852 (9th Cir. Mar. 1, 2021) ........................................................................... 12

*Philips Oral Healthcare, Inc. v. Fed. Ins. Co.*,
    2005 WL 3020014 (W.D. Wash. Nov. 10, 2005) ................................................. 9, 11, 12

*Richmond v. Pryor*,
    No. C06-1483RSL, 2007 WL 777475 (W.D. Wash, March 9, 2007) ............................. 7

*Scott Fetzer Co. v. Weeks*,
    22 Wash. 2d 141, 859 P.2d 1210 (1993) ............................................................... 6, 7, 8, 9

*Sportsfragrance, Inc. v. The Perfumer's Workshop Int'l, Ltd.*,
    No C09-177Z, 2009 U.S. Dist. LEXIS 60597 (W.D. Wash. June 30, 2009) ................ 10

*Stalwart Capital, Inc. v. iCap Pac. Nw. Income & Opportunity Fund, et al.*,
    No. C14-01128 TSZ, 2019 WL 852064 (9th Cir. 2019). ............................................. 12

*Tr. of Summers Fam. Tr. TA Neak Prod. Buff WA Pty Ltd. v. Nat'l Distribution
    Warehouse Inc.*,
    No. 2:21-CV-00797-DGE, 2022 WL 1164579 (W.D. Wash. Mar. 24, 2022) ......... 6, 7, 8

*Wagafe v. Trump*,
    No. C17-0094RAJ, 2019 WL 954980 (W.D. Wash. Feb. 27, 2019) ............................ 12

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – ii
(No. 2:22-cv-00334-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**STATUTES**

Fed. R. Civ. P. 4(k)(2).................................................................................................... 3

Wash. Rev. Code Ann. § 4.28.185(5) ......................................................................... 5, 6

**OTHER AUTHORITIES**

Blake Brittain, *Lawsuit says India's Emcure stole COVID-19 vaccine secrets for IPO*, Reuters (Mar. 22, 2022, 2:51 PM) ...................................................................... 2

London Ct. of Int'l Arb. R., Art. 14 ................................................................................ 7

London Ct. of Int'l Arb. R., Art. 22 ................................................................................ 7

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – iii
(No. 2:22-cv-00334-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# INTRODUCTION

Despite having a contracted-for forum to litigate its dispute with Emcure's subsidiary, Gennova, HDT initiated this lawsuit in the US against India-based Emcure, Gennova's parent corporation. After 21 months of litigation about whether the Court has personal jurisdiction over Emcure, Emcure prevailed, and the Court dismissed Emcure for lack of personal jurisdiction. Emcure seeks recovery of its attorneys' fees from HDT pursuant to Revised Code of Washington § 4.28.185(5), which allows a foreign defendant dismissed for lack of personal jurisdiction to recover reasonable attorneys' fees to compensate it for the added expense caused by plaintiff's assertions of long-arm jurisdiction. "[U]nder Washington law, regardless of whether the action was filed in good faith, the burdens and inconveniences placed on a defendant over whom long-arm jurisdiction was improperly asserted are sufficient to justify an award of attorney's fees." *Confeccoes Texteis de Vouzela, Lda. v. Space Tech Sys. Inc.*, 968 F.2d 1220 (9th Cir. 1992).

Emcure incurred substantial costs defending this case when it lacked the requisite minimum contacts with this forum and never should have faced this lawsuit. Emcure respectfully requests reasonable attorneys' fees for its two motions to dismiss, the processing of over 23.3 million files, the production of nearly 40,000 documents during jurisdictional discovery, the review of 27,642 pages produced by HDT and third parties, the preparation for and involvement in 11 depositions, as well as the preparation of interrogatory responses, motions to compel, and motions to seal. Meanwhile, HDT had contracted for a fully adequate remedy for its trade-secret claims: arbitration against Gennova in London. HDT nevertheless wrongfully haled Emcure into this Court for strategic reasons, as it conveniently received discovery from Emcure and was able to file publicly available one-sided complaints against Emcure, all things it could not do in the London arbitration.

Emcure's total requested fees of $3,246,758.81 are reasonable given the volume and complexity of work during the 21 months of this case.

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 1
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# BACKGROUND

**A.  HDT haled India-based Emcure into this Court while simultaneously pursuing HDT's contracted-for remedy against Gennova in a London arbitration.**

The Court is familiar with this dispute, and Emcure only summarizes certain pertinent facts here. In August 2021, Seattle-based HDT entered into a license agreement with Emcure subsidiary Gennova, under which Gennova could use HDT's LION technology to formulate, market, and sell a COVID vaccine in India in exchange for milestone and royalty payments (in the event of sales). The agreement, governed by English law, included a mandatory dispute resolution clause that provided for jurisdiction in the London Court of International Arbitration.

In March 2022, HDT initiated arbitration against Gennova in London, alleging that Gennova breached the license agreement, misappropriated HDT's trade secrets, and defrauded HDT.

That same month, HDT also sued Emcure in this Court for over $950 million, alleging federal and state trade-secret misappropriation. As a result, HDT was able to tell its one-sided story against Emcure and Gennova in a forum that allowed its complaint to be public and to leverage discovery against Emcure. *See, e.g.*, Blake Brittain, *Lawsuit says India's Emcure stole COVID-19 vaccine secrets for IPO*, Reuters (Mar. 22, 2022, 2:51 PM), https://www.reuters.com/legal/government/lawsuit-says-indias-emcure-stole-covid-19-vaccine-secrets-ipo-2022-03-22/.

Emcure engaged Blank Rome LLP to manage the litigation and Corr Cronin LLP as local counsel. Emcure moved to dismiss the case for lack of personal jurisdiction or forum non conveniens or to stay it pending arbitration. Dkt. 23. On July 29, 2022, the Court denied Emcure's motion to dismiss without prejudice and ordered jurisdictional discovery. Discovery lasted until July 28, 2023—almost a year. Dkts. 51, 72, 104, 126. Emcure responded to two sets of interrogatories, which totaled 12 pages, and five sets of requests for production. Declaration of James Sanders ("Sanders Decl.") ¶ 5. Emcure's counsel processed over 23.3 million files and

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 2
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

produced nearly 40,000 documents (totaling 410,239 pages). Dkt. 178 ¶ 2; Declaration of Michael Iannucci ("Iannucci Decl.") ¶ 16. Emcure sent 14 requests for production to HDT, and HDT produced documents totaling 27,642 pages. Sanders Decl. ¶¶ 15, 17. HDT also sent subpoenas to third parties, and Emcure counsel had to coordinate with multiple third parties. Iannucci Decl. ¶ 16. Emcure's counsel also briefed two motions for protective order, Dkts. 63, 67, which included a hearing, Dkt. 85; a motion to compel discovery from HDT, Dkt. 59; and a response to HDT's motion to compel deposition, Dkt. 105. In addition to document discovery, HDT noticed a Rule 30(b)(6) deposition with eight topics spanning four pages, as well as individual deposition notices to six witnesses. Sanders Decl. ¶ 18. All of the witnesses were located in India, and, under Indian law, Indian counsel had to be involved in the depositions. Declaration of Hitesh Jain ("Jain Decl.") ¶ 10.

In June 2023, Emcure switched lead counsel from Blank Rome to its current counsel, Perkins Coie LLP. Perkins Coie reviewed the hundreds of thousands of pages produced by all parties in discovery to prepare seven witnesses for deposition, including Emcure's Rule 30(b)(6) representatives, and took four depositions by August, just two months after appearing.[1]

Less than three months after Perkins Coie appeared, HDT filed an 87-page amended complaint with 205 pages of exhibits in September 2023. Dkts. 132–133. HDT alleged that this Court had jurisdiction based on Emcure's contacts with Washington or—as relevant to HDT's federal claim, *see* Fed. R. Civ. P. 4(k)(2)—the United States, Dkt. 132 ¶ 94. HDT also filed a motion to seal portions of the amended complaint, Dkt. 131, which Emcure analyzed and responded to, Dkt. 134.

On September 21, 2023, Emcure filed another motion to dismiss for lack of personal jurisdiction. Dkts. 136–40. Emcure argued once again that this Court lacked personal jurisdiction over Emcure under the Washington and federal long-arm statutes. Dkt. 136 at 16 & n.8.

---

[1] Blank Rome also reviewed these documents and prepared substantial materials for depositions before Perkins Coie appeared. Iannucci Decl. ¶ 18.

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 3
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Emcure's motion distilled complicated and intricate facts, expanded upon recent Supreme Court
2  case law, and was supported by four declarations. On October 16, 2023, HDT filed its response
3  to Emcure's motion to dismiss, supported by a 65-page declaration from Dana Berkowitz with
4  1,321 pages of exhibits. Dkts. 152–153. HDT argued jurisdiction based on Emcure's contacts
5  and based on Gennova's and Gennova's CEO's contacts. In reply, Emcure had to respond to the
6  many facts HDT introduced on response, some of which were inaccurate or irrelevant. Emcure
7  also had to respond to the case law cited by HDT.

8      Emcure also briefed multiple motions to seal and responded to a motion to compel.
9  Emcure responded to HDT's October 16, 2023, motion to seal, among other things, portions of
10 and certain exhibits in the 1,386-page Berkowitz Declaration. HDT's motion did not "identify
11 any particular paragraphs or lines [HDT]" sought to keep under seal, Dkt. 196 at 5, which made
12 responding especially difficult. Emcure, on the other hand, carefully "identif[ied] particular
13 paragraphs or lines it" sought to keep under seal and "explained why each of these paragraphs …
14 contain[ed] sensitive information." Dkt. 196 at 5. Emcure's counsel had to create a spreadsheet
15 to list each exhibit and its potential confidentiality and obtain client input on each exhibit and the
16 spreadsheet. Perkins Coie also had to work closely with Emcure to understand what information
17 should be sealed and to obtain client declarations in support of sealing. Emcure also filed an
18 October 25, 2023, motion to seal portions of declarations and certain other documents designated
19 as HDT confidential and a reply in support; a November 6, 2023, motion to seal e-mails as
20 attorney-client privileged; and a response to HDT's November 10, 2023, motion to seal, which
21 aimed to give Emcure the opportunity to justify keeping certain confidential materials under seal.
22 *See* Dkt. 196. Emcure also responded to HDT's motion to compel, Dkt. 194.

23 **B.      This Court granted Emcure's motion to dismiss for lack of personal jurisdiction.**
24     On December 4, 2023, this Court granted Emcure's motion to dismiss for lack of
25 personal jurisdiction. Dkt. 195. This Court determined that Emcure's contacts with Washington
26 and the United States did not amount to either purposeful direction or purposeful availment at the

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 4
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*very first step* of the personal-jurisdiction analysis. *Id.* at 10, 13. The Court did not have to analyze whether any alleged contacts were sufficiently related to HDT's claims or whether the exercise of jurisdiction over Emcure would have been reasonable. *Id.* This Court also concluded that it could not impute Gennova's contacts to Emcure. *Id.* at 27.

The Court also granted HDT's motion to compel, granted in part and denied in part HDT's October 16 motion to seal and Emcure's October 25 motion to seal, and denied HDT's November 10 motion to seal. Dkt. 196.

**I.     EMCURE IS ENTITLED TO REASONABLE ATTORNEYS' FEES UNDER WASHINGTON'S LONG-ARM STATUTE**

**A.     Legal Standard**

Washington courts award reasonable fees when foreign defendants win motions to dismiss for lack of personal jurisdiction, even if the case was not frivolous or brought in bad faith.[2] When "the defendant is personally served outside the state on causes of action enumerated in this section (the long-arm statute), and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees." Wash. Rev. Code Ann. § 4.28.185(5).

For example, the Western District of Washington awarded third-party defendants attorneys' fees after granting their motion to dismiss, even though it held that plaintiffs' lawsuit was neither frivolous nor brought to harass them. *Eat Right Foods,* 2015 WL 11233198, at *2; *see also Hewitt v. Hewitt*, 78 Wn. App. 447, 457 (Wash. Ct. App. 1995). That is because the purpose of the statute is to "compensate defendants for the added expense caused them by plaintiffs' assertions of long-arm jurisdiction." *Tr. of Summers Fam. Tr. TA Neak Prod. Buff WA Pty Ltd. v. Nat'l Distribution Warehouse Inc.*, No. 2:21-CV-00797-DGE, 2022 WL 1164579, at *2 (W.D. Wash. Mar. 24, 2022); *Eat Right Foods*, 2015 WL 11233198, at *2. Thus, this statute is "[u]nlike many fee shifting statutes which attempt only to punish frivolous litigation." *Scott*

---

[2] Federal courts apply Section 4.28.185(5). *See, e.g.*, *Eat Right Foods, Ltd v. Whole Foods Mkt. Servs., Inc.*, No. C13-2174RSM, 2015 WL 11233198, at *2 (W.D. Wash. Feb. 18, 2015).

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 5
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Fetzer Co. v. Weeks*, 122 Wash. 2d 141, 149, 859 P.2d 1210, 1215 (1993). But a fee award is especially appropriate when plaintiffs invoke long-arm jurisdiction "as a means to harass foreign defendants." *Cabell v. Zorro Prods.., Inc.*, No. 13-CV-00449RSM, 2015 WL 11233121, at *2 (W.D. Wash. Mar. 23, 2015); *Summers*, 2022 WL 1164579, at *6.

**B.     Emcure qualifies for attorneys' fees under Washington's long-arm statute.**

Defendants that win motions to dismiss for want of personal jurisdiction "are understood to have prevailed for purposes of this statute." *Cabell*, 2015 WL 11233121, at *1; *see also Fetzer*, 859 P.2d at 1212. Emcure is accordingly eligible for attorneys' fees under § 4.28.185(5) to "compensate [it] for the added expense caused [it] by [HDT's] assertions of long-arm jurisdiction." *See Summers*, 2022 WL 1164579, at *6; *see Fetzer*, 859 P.2d at 1215.

First, there is no question that HDT's assertion of long-arm jurisdiction caused Emcure added expense. Without HDT's assertion of long-arm jurisdiction, there would have been no case against Emcure in the United States and no need to hire US-based or Washington-based counsel. Dkt. 195 at 10; *see Richmond v. Pryor*, No. C06-1483RSL, 2007 WL 777475, *2 (W.D. Wash, March 9, 2007) (finding fees for local counsel's time reasonable because defendant would not "have had to engage Washington counsel if plaintiffs had sued her in her home state").

Second, HDT's motives for suing Emcure were unclear given that HDT had a remedy available to it—the very one it contracted for: an arbitration against Gennova. Instead, HDT chose to open a second front against Gennova's parent company, Emcure, in a court halfway across the world for strategic reasons that appear unrelated to the merits of HDT's trade-secret case. It is not lost on Emcure that HDT obtained a publicly filed complaint that it could then use in the press, thus bypassing the confidentiality typically inherent to private arbitrations. Having gambled by filing in US Court, HDT should have quickly recognized that Emcure was not subject to this Court's jurisdiction after the initial motion to dismiss. But instead HDT continued litigating aggressively, ultimately requiring Emcure to process over 4.9 million documents to respond to HDT's discovery demands. Declaration of Alex Jacobs ("Jacobs Decl.") ¶¶ 13, 21.

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 6
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  Again, it should not be lost on the Court that HDT's strategic choice to file against Emcure in the
2  United States, and then to pursue hyper-aggressive jurisdictional discovery, effectively allowed
3  HDT to bypass the more typical arbitral restraints on expansive document discovery to which it
4  had contractually agreed. *See* Dkt. 132, Ex. 9, § 13.7 (LCIA Rules apply); *see generally* LCIA
5  Rules Art. 14 (tribunal's duty to adopt expeditious procedures); *id.* Art. 22 (arbitrator may order
6  production of documents deemed relevant). Finally, the Court should consider that HDT
7  repeatedly stretched and exaggerated the facts in this litigation. For example, HDT wrongly
8  claimed that vaccine ingredients and vendors were trade secrets despite publicly disclosing that
9  very information in its filed First Amended Complaint, Dkt. 195 at 15; overstated the relevance
10 of this Court's prior holding that Emcure had sufficient control over discoverable materials,
11 Dkt. 195 at 127; and baselessly alleged that Emcure marketed the COVID vaccine in the United
12 States, Dkt. 132 ¶ 351; Dkt. 195 at 20–21.

13     Relatedly, HDT's approach to sealing drove up Emcure's expenses. HDT's motion did
14 not "identify any particular paragraphs or lines" of the 1,386-page Berkowitz Declaration that
15 "[HDT]" sought to keep under seal, Dkt. 196 at 5. Emcure had to "identify particular paragraphs
16 or lines it" sought to keep under seal and "explain[ ] why each of these paragraphs …
17 contain[ed] sensitive information." *Id.*

18     All of these factors make an award of attorney fees and costs especially appropriate here.
19 *See Cabell*, 2015 WL 11233121, at *2; *Summers*, 2022 WL 1164579, at *6.

20 **C.     Emcure's requested fees are reasonable.**

21     The applicant has the burden of proving the "reasonableness of the fees requested."
22 *Fetzer*, 859 P.2d at 1216. Washington uses the "lodestar" approach to fee calculation. *Id.* at
23 1215. "A lodestar award is arrived at by multiplying a reasonable hourly rate by the number of
24 hours reasonably expended on the matter." *Id.*; *see McGrath v. County of Nev.*, 67 F.3d 248, 252
25 (9th Cir. 1995). "In adjudging 'reasonable hours' under the long-arm statute, courts should
26 attempt to determine the amount of time that it would take a competent practitioner to recognize

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 7
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

the jurisdictional issue, research the relevant law, discover the pertinent facts, and then prepare, file and prevail upon a" motion to dismiss. *Fetzer*, 859 P.2d at 1216. "The reasonable hourly rate corresponds to the prevailing market rate in the relevant community, considering the experience, skill, and reputation of the attorney in question." *Eat Right Foods*, 2015 WL 11233198, at *3 (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (1987)).

The court "may then adjust this lodestar calculation by other factors," including "the novelty and difficulty of the questions involved," "time limitations imposed by the client or circumstances," and "the amount involved and the results obtained." *Id.*

A party can recover for work performed by qualified non-lawyer personnel for legal services supervised by an attorney. *Philips Oral Healthcare, Inc. v. Fed. Ins. Co.*, 2005 WL 3020014, at *6 (W.D. Wash. Nov. 10, 2005) (quoting *Absher Const. Co. v. Kent Sch. Dist. No. 415*, 79 Wash. App. 841, 845 (1995)).

As discussed below and in declarations, Emcure seeks fees for its counsel's reasonable work at reasonable rates.

### 1. Perkins Coie LLP

Emcure seeks to recover $1,361,388.25 for Perkins Coie's work from June 2023 through the filing of the reply to this motion. Sanders Decl. ¶ 2.

#### a. Reasonable work

Perkins Coie attorneys spent 1559.15 hours preparing Emcure's jurisdictional defense. As described above, that preparation included:

- reviewing nearly 40,000 documents produced by Emcure;
- analyzing 27,642 pages produced by HDT and third parties;
- preparing seven Emcure and Genova witnesses for deposition and taking four depositions of HDT witnesses;

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 8
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

- drafting a motion to dismiss and reply in support, which addressed an 87-page amended complaint with 205 pages of exhibits and the 1,386-page (including exhibits) Declaration of Dana Berkowitz in support of HDT's response;

- briefing multiple motions to seal, responses, and replies, in which counsel carefully "identif[ied] particular paragraphs or lines it" sought to keep under seal and "explained why each of these paragraphs … contain[ed] sensitive information," Dkt. 196 at 5; and

- responding to HDT's motion to compel.

Sanders Decl. ¶¶ 17-22. Perkins Coie also researched and drafted this motion for attorneys' fees and will handle the reply. *Id.* ¶¶ 23-25. *See Sportsfragrance, Inc. v. The Perfumer's Workshop Int'l, Ltd.*, No C09-177Z, 2009 U.S. Dist. LEXIS 60597 (W.D. Wash. June 30, 2009) (awarding attorneys' fees for time spent preparing the fee request); *Hewitt*, 78 Wn. App. at 457 (same).

The 1559.15 hours represent the total time spent by two partners, a counsel, an associate, two discovery counsel, a paralegal, and a paralegal assistant over a nearly seven-month period. Staffing on the Perkins Coie team was reasonable under the circumstances. The partners often divided and conquered separate tasks. And a paralegal and a paralegal assistant were necessary to help with the extensive sealing, redactions, and deposition preparation. Attorneys—mostly Ms. Beane and Mr. Fergusson—supervised that work, which required making judgment calls about what information is confidential. *See Philips Oral Healthcare*, 2005 WL 3020014, at *6. The two main discovery counsel, who were also necessary given the number of documents residing in an electronic database, charge lower rates than other Perkins Coie attorneys. This case was as leanly staffed as possible, and Emcure has not requested reimbursement for time spent by other attorneys and support staff, including firm librarians. The Sanders Declaration details the tasks performed, "the number of hours worked, and the category of attorney who performed the work (i.e., senior partner, associate, etc.)." *Bowers v. Transamerica Title Ins. Co.*, 100 Wash. 2d 581, 597, 675 P.2d 193, 203 (1983).

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 9
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### b. Reasonable rates

Perkins Coie charged Emcure their standard hourly billing rates, *see* Sanders Decl. ¶¶ 10–16, which are presumed reasonable, *Bowers*, 100 Wash. 2d at 597, 675 P.2d at 203. Emcure seeks an award for time spent by six attorneys, a paralegal, and a paralegal assistant:

- James Sanders ($1025/hr): a labor & employment partner;
- Amanda Beane ($1100/hr): a commercial litigation partner;
- Sopen Shah ($930/hr): a commercial litigation counsel;
- Tyler Fergusson ($610/hr): a commercial litigation associate;
- Alexa Stemmler ($450/hr): an E-Discovery Services & Strategy counsel;
- Andrew Chen ($350/hr): an E-Discovery Services & Strategy senior discovery attorney;
- Arunas Bura ($340/hr): a senior labor & employment paralegal; and
- Stefan Klinkowski ($250/hr): a labor & employment paralegal assistant.

These standard rates are consistent with those of attorneys and paralegals of comparable skill, experience, and reputation practicing in this geographic market. Declaration of Eugenia Frenzel re: Perkins Coie ("Frenzel PC Decl.") ¶¶ 11-13; *see Eat Right Foods*, 2015 WL 11233198, at *3. A review of data showing the billing rates charged by comparable firms in the market shows that the rates charged by the six attorneys and two paralegals on this matter fall in or below the median range for professionals with comparable skill, experience, and reputation. Frenzel Decl. ¶¶ 11. Nearly five years ago, and before the substantial recent increases in the national rate of inflation, the Western District of Washington approved rates of $895 an hour. *Wagafe v. Trump*, No. C17-0094RAJ, 2019 WL 954980, at *5-6 (W.D. Wash. Feb. 27, 2019), *cited with approval in* Dkt. 97 at 5.

The Ninth Circuit and this Court have upheld the reasonableness of the rates charged by Perkins Coie attorneys. *See, e.g.*, Memorandum Order at 5-6, *Moi v. Chihuly Studio*, No. 19-35852 (9th Cir. Mar. 1, 2021), Dkt. 71-1 (affirming fee award of $1,646,659.68); *Philips Oral*

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 10
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Healthcare*, 2005 WL 3020014, at *8–*9; *Stalwart Capital, Inc. v. iCap Pac. Nw. Income & Opportunity Fund, et al.*, No. C14-01128 TSZ, 2019 WL 852064 (9th Cir. 2019).

### 2. Blank Rome LLP

Emcure seeks to recover $867,529 for Blank Rome's work, which occurred mostly between March 2022 to June 2023. Iannucci Decl. ¶¶ 2, 4.

#### a. Reasonable work

Blank Rome spent 1,922.4 hours defending Emcure. *Id.* Its attorneys:

- briefed Emcure's first motion to dismiss for lack of personal jurisdiction (or forum non conveniens or to stay the case pending arbitration), *id.* ¶ 16;
- responded to two sets of interrogatories, which totaled 12 pages, and five sets of requests for production of documents and electronic discovery, Sanders Decl. ¶ 5;
- processed over 23.3 million files and produced nearly 40,000 documents (410,239 pages), Dkt. 178 ¶ 2; Iannucci Decl. ¶ 16;
- sent 14 requests for production to HDT and obtained 27,642 pages worth of documents from HDT and third parties, Sanders Decl. ¶¶ 5, 17;
- They also briefed two motions for protective order, Dkt. 63, Dkt. 67, which involved a hearing, Dkt. 85; a motion to compel discovery from HDT, Dkt. 59; and HDT's motion to compel deposition, Dkt. 105.

#### b. Reasonable rates

Emcure seeks an award for time spent by four attorneys, Iannucci Decl. ¶¶ 8-11:

- Alan Freeman ($840/hr for 2022; $895/hr for 2023): a business litigation partner;
- Mike Iannucci ($720/hr for 2022; $795/hr for 2023): a business litigation partner;
- Cody Wilcoxson ($560/hr for 2022; $640/hr for 2023): a business litigation associate; and
- M. David Tambussi ($510/hr for 2022): a general litigation associate.

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 11
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

These standard rates are consistent reasonable and commensurate with the rates charged by law firms for attorneys of comparable skill, experience, and reputation practicing in this geographic market. Declaration of Eugenia Frenzel re: Blank Rome ("Frenzel BR Decl.") ¶¶ 11-13; *see Eat Right Foods*, 2015 WL 11233198, at *3. And Blank Rome gave Emcure a discount from those rates. Iannucci Decl. ¶¶ 2, 15.

### 3. Corr Cronin LLP

Emcure seeks to recover $91,700.68 for work performed by Corr Cronin from May 2022 to October 2023. Declaration of Steven Fogg ("Fogg Decl.") ¶ 3. Steven Fogg ($700/hr) served as the lead local lawyer while Blank Rome managed the litigation from another state. *Id.* ¶ 5. Mr. Fogg is a Chambers-ranked jury trial lawyer who has tried more than eighty cases to verdict, including product liability lawsuits alleging catastrophic injuries to high profile intellectual property disputes. *Id.* For consistency, Mr. Fogg stayed on the case after Perkins Coie took over, but with a minimal role. *Id.* ¶¶ 3, 9. Mr. Fogg attended all hearings, participated in some discovery conferences, provided some strategic advice, and, before Perkins Coie appeared, advised Emcure on local practice. *Id.* ¶ 5, 10. He billed $67,480 in total. *Id.* His partners Jack Lovejoy ($525/hr) and Todd Williams ($525/hr) assisted with briefing and argument preparation and billed about $16,852 in total. *Id.* ¶ 6, 10. Jack Lovejoy is a trial lawyer with experience in state and federal courts and private arbitration. Todd Williams has significant civil trial experience in state and federal courts in Washington and around the country. Associate Laurel Brown ($400/hr), an award-winning writer and former Washington Supreme Court law clerk, provided some research and writing support, and Corr Cronin invoiced $6,520 for her time.

Mr. Fogg's and Mr. Williams' standard rates fall below the median range for attorneys with comparable skill, experience, and reputation. Declaration of Eugenia Frenzel re: Corr Cronin ("Frenzel CC Decl.") ¶¶ 11-12; *see Eat Right Foods*, 2015 WL 11233198, at *3.

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 12
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### 4. Berkeley Research Group, LLC

Emcure seeks to recover $832,447.88 for the work of Berkeley Research Group, LLC ("BRG"), a global consulting firm that provided discovery support to Blank Rome and Perkins Coie. *See* Jacobs Decl. ¶ 31. The timekeepers that worked on Emcure's matter ranged from $45/hour for contract reviewers to $630/hour for BRG's managing director. *See id.* ¶ 25. These professionals collected over 20 million files from Emcure and Gennova, managed the review database, and reviewed thousands of documents for responsiveness and privilege designations. *Id.* ¶¶ 2, 8–24, 26–30 & Ex. 2.

### 5. Parinam Law

Emcure seeks to recover about $93,693 for its Indian counsel's work related to this American case. Jain Decl. ¶ 2. Specifically, attorneys Hitesh Jain, Monisha Mane, and Pranav Nair (all $150/hr) defended the depositions of the seven Emcure and Gennova witnesses, as required by Indian law. *Id.* ¶¶ 6–10. They also consulted with Emcure's American counsel to understand the facts of this case and to ensure consistency with the defense in the London arbitration with HDT. *Id.*

## CONCLUSION

HDT's decision to sue Emcure in the Western District of Washington—despite having a contracted-for remedy against Gennova—caused these expenses. Emcure's requested fees of $3,246,758.81 are reasonable given the voluminous discovery, the complex legal issues, the gravity and magnitude of HDT's claims, and HDT's aggressive litigation approach. *See Eat Right Foods*, 2015 WL 11233198, at *3. This Court should award Emcure's requested fees for the significant effort it expended defending this matter in a forum with which it has no relationship.

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 13
(No. 2:22-cv-00334-JLR)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | | |
|---|---|---|
| Dated: December 18, 2023 | By: | /s/ Amanda J. Beane |

James Sanders, WSBA No. 24565
Amanda J. Beane, WSBA No. 33070
Eric B. Wolff, WSBA No. 43047
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
JSanders@perkinscoie.com
ABeane@perkinscoie.com
EWolff@perkinscoie.com

Steven W Fogg
**CORR CRONIN LLP**
1015 Second Ave
10th Floor
Seattle, WA 98104
206-625-8600
Email: sfogg@corrcronin.com

*Attorneys for Defendant*
*Emcure Pharmaceuticals Ltd.*

I certify that this memorandum contains 4,187 words, in compliance with the Local Civil Rules.

EMCURE'S MOTION FOR ATTORNEYS' FEES
UNDER RCW 4.28.185(5) – 14
(No. 2:22-cv-00334-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed using the ECF filing system on December 18, 2023.

/s/ Amanda J. Beane
Amanda J. Beane

CERTIFICATE OF SERVICE
(No. 2:22-cv-00334-JLR) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000