1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

| HDT BIO CORP.,                      | CASE NO. C22-0334JLR |
|---|---|
|                        Plaintiff,  | ORDER |
|            v.                       | |
| EMCURE PHARMACEUTICALS, LTD.,       | |
|                        Defendant.   | |

## I.   INTRODUCTION

16

17

18

19

20

21

22

Before the court is Defendant Emcure Pharmaceuticals, Ltd.'s ("Emcure") motion
for attorneys' fees under RCW 4.28.185(5).  (Mot. (Dkt. # 199); Reply (Dkt. # 224).)

Plaintiff HDT Bio Corp. ("HDT") opposes the motion.  (Resp. (Dkt. # 221).)  The court

//

//

//

ORDER - 1

1   has considered the parties' submissions, the relevant portions of the record, and the

2   governing law.  Being fully advised,[1] the court DENIES Emcure's motion.

## II.   BACKGROUND

4       HDT filed this action for trade secret misappropriation under the federal Defend

5   Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and Washington's Uniform Trade

6   Secrets Act ("UTSA"), RCW 19.108.010 *et seq*.  (Am. Compl. (Dkt. # 133) at 82-85.)

7   The parties litigated for 21 months and engaged in over a year of jurisdictional discovery

8   before the court granted Emcure's motion to dismiss for lack of personal jurisdiction and

9   dismissed HDT's claims without prejudice.  (*See generally* 12/4/23 Order (Dkt. # 195).)

10  The court concluded that it lacked jurisdiction over Emcure, an Indian pharmaceutical

11  company, because Emcure's ties to the United States were too "random, fortuitous, or

12  attenuated" for the court to exercise personal jurisdiction over it.  (*Id.* at 14 (quoting

13  *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).)

14      Emcure then filed the instant motion.  (*See generally* Mot.)  Emcure brings its

15  motion solely under RCW 4.28.185(5), seeking $3,246,758.81 in attorneys' fees and

16  costs.  (*Id.* at 1, 13.)

## III.   ANALYSIS

18      RCW 4.28.185(5) provides as follows:

19      In the event the defendant is personally served outside the state on causes of
        action enumerated in this section, and prevails in the action, there may be

20

21

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court
concludes that oral argument would not be helpful to its disposition of this motion, *see* Local
22  Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

taxed and allowed to the defendant as part of the costs of defending the action
a reasonable amount to be fixed by the court as attorneys' fees.

RCW 4.28.185(5).  The statute "authorizes an award of attorney fees when a foreign

defendant prevails on jurisdictional grounds."  *Scott Fetzer Co. v. Weeks*, 786 P.2d 265,

266 (Wash. 1990).  One of RCW 4.28.185(5)'s purposes is to deter plaintiffs from

"harass[ing] foreign defendants."  *Id.* at 272 n.6.  "Whether to grant or deny a request for

attorneys fees under this provision is wholly within the discretion of the trial court."

*Amazon.com, Inc. v. Kalaydjian*, No. C00-1740BJR, 2001 WL 1892190, at *1 (W.D.

Wash. Mar. 27, 2001) (citing *Fluke Cap. & Mgmt. Servs. Co. v. Richmond*, 724 P.2d 356,

363-64 (Wash. 1986)).

Importantly, any award under RCW 4.28.185(5) "is limited to the amount

necessary to compensate a foreign defendant for the added costs of litigating in

Washington."  *W. Consultants, Inc. v. Davis*, 310 P.3d 824, 829 (Wash. Ct. App. 2013)

(quoting *Payne v. Saberhagen Holdings, Inc.*, 190 P.3d 102, 113 (Wash. Ct. App. 2008)).

In other words, "a prevailing defendant should not recover more than an amount

necessary to compensate him for the added litigative burdens resulting from the

plaintiff's use of [Washington's] long-arm statute."  *Scott Fetzer Co.*, 786 P.2d at 271.

Washington courts have determined that "[i]t may be the case that this amounts to zero."

*Payne*, 190 P.3d at 113.

The court declines to exercise its discretion to award Emcure attorneys' fees and

costs for two reasons.

//

ORDER - 3

1        First, "[t]he purpose for which fee-shifting is often utilized," deterring harassment

2    of foreign defendants, "is not present in the instant case." *Lion Fisheries LLC v. A1*

3    *Transmission & Marine, Inc.*, No. C23-0984JCC, 2023 WL 8188674, at *1 (W.D. Wash.

4    Nov. 27, 2023) (refusing to award attorneys' fees under RCW 4.28.185(5) due to an

5    absence of harassment).  (*See generally* Mot. (making no direct allegations of harassment

6    or bad faith); Reply (same).  *See also* Mot. at 6 (arguing that "HDT's motives for suing

7    Emcure were unclear").)

8        Second, Emcure has failed to show that it incurred additional fees as a result of

9    HDT's pursuit of a claim under Washington's UTSA.  HDT makes this argument (Resp.

10   at 3), but Emcure does not respond to it (*see generally* Reply).  Instead, Emcure argues

11   that "state rules provide grounds for a fee award" in this case.  (*Id.*)  That statement may

12   be true, but the state rule is clear:  Emcure may only recover fees necessary to

13   compensate it for the "added costs of litigating in Washington." *Payne*, 190 P.3d at 113.

14   Emcure seeks over $3 million in fees but fails to identify a single dollar it spent solely as

15   a result of HDT's pursuit of a claim under the Washington UTSA.  (*See generally* Mot.)

16   Nor could it.  As Emcure itself recognizes, HDT brought "parallel" claims (Reply at 3);

17   consequently, the court would have considered the parties' state and federal claims

18   together. *See AgroFresh Inc. v. Essentiv LLC*, No. 16-662 (MN), 2020 WL 7024867, at

19   *3 n.7 (D. Del. Nov. 30, 2020) ("Given the overlap between state-adopted versions of the

20   Uniform Trade Secrets Act and the DTSA, courts often analyze parallel state and federal

21   claims of trade secret misappropriation together."); *Traverse Therapy Servs., PLLC v.*

22   *Sadler-Bridges Wellness Grp., PLLC*, No. C23-1239MJP, 2024 WL 381180, at *3 (W.D.

1  Wash. Feb. 1, 2024) (noting that claims under the DTSA and Washington's UTSA have

2  "substantially similar" elements and overlapping definitions of misappropriation).

3      Emcure concedes that it cannot recover attorneys' fees under the DTSA.  (Mot. at

4  4.)  Emcure cannot sidestep the federal law where it fails to show that it incurred any

5  additional fees defending against HDT's state law claim.[2]  In sum, the court concludes

6  that Emcure is not entitled to attorneys' fees and costs under RCW 4.28.185(5) because

7  one of the key purposes for which the statute is often utilized is not present in this case

8  and because Emcure incurred no additional fees as a result of HDT's pursuit of a claim

9  under the Washington UTSA.

### IV.   CONCLUSION

11     For the foregoing reasons, the court DENIES Emcure's motion for attorneys' fees

12 (Dkt. # 199).

13     Dated this 12th day of February, 2024

               JAMES L. ROBART
               United States District Judge

---

[2] HDT argues that the DTSA preempts RCW 4.28.185(5).  (Resp. at 2-3.)  Because Emcure is not entitled to recover fees under either statute, however, the court need not consider whether 18 U.S.C. § 1836(b)(3)(D) conflicts with RCW 4.28.185(5).  *See Hubbard v. SoBreck, LLC*, 554 F.3d 742, 744 (9th Cir. 2009).

ORDER - 5